J-S33010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARREN CADORA | : | |
| | : | |
| Appellant | : | No. 1922 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 24, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000696-2015

BEFORE: LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 02, 2019**

Darren Cadora appeals *nunc pro tunc* from the judgment of sentence, imposed in the Court of Common Pleas of Lackawanna County, following the revocation of his probation. Counsel has moved to withdraw pursuant to **Anders** and **Santiago**.[1] Upon review, we affirm Cadora's judgment of sentence and grant counsel's petition to withdraw.

On July 8, 2015, Cadora pled guilty to one count of possession with intent to deliver ("PWID").[2] Cadora was sentenced to a five-year intermediate punishment program with a 90-day house-arrest sanction, and was placed in a program in the Lackawanna County Veterans Treatment Court.[3]

---

[1] **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] 35 P.S. § 780-113(a) (30).

[3] **See** Trial Court Opinion, 3/5/2019 at 3.

On June 14, 2017, Cadora appeared before the trial court for a revocation hearing. At the hearing, Cadora admitted that he had ingested Percocet, despite repeatedly being told not to consume prescription medication without approval from his probation officer. On July 24, 2017, the court resentenced Cadora to 27 to 60 months' imprisonment in a state correctional facility, plus two years of special probation. On August 2, 2017, Cadora filed a motion for reconsideration of sentence, which the court denied on September 11, 2017. Cadora did not file a direct appeal. Cadora subsequently filed a timely *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, on June 14, 2018, seeking reinstatement of his appellate rights, *nunc pro tunc*. The court appointed counsel, who filed an amended petition. By order dated October 31, 2018, the court reinstated Cadora's direct appeal rights *nunc pro tunc*. On November 20, 2018, Cadora filed a timely notice of appeal to this Court. Counsel now seeks to withdraw pursuant to **Anders**.

In order to withdraw pursuant to **Anders**, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. **Commonwealth v.**

*Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that in order to withdraw under *Anders*, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. *See Anders* Brief, at 9. Counsel supplied Cadora with a copy of the brief and a letter explaining his right to proceed *pro se*, or with privately retained counsel, and to raise any other issues he believes might have merit.[4] Counsel has also submitted a brief, setting out both issues raised by Cadora and, pursuant to the dictates of *Santiago*, explains in his petition to withdraw why he believes the appeal to be frivolous. *See* Appellee's Brief, at 1. Thus, counsel has substantially complied with the requirements for withdrawal.

Since counsel has satisfied the procedural requirements for withdrawal, this Court must now conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004).

Cadora first claims that the trial court's sentence was not supported by evidence of a violation of probation. This Court has held that a court may revoke a probationary sentence at any time prior to its completion if the

---

[4] Cadora has not submitted any additional or supplemental filings to this Court.

defendant demonstrates to the court that he is unworthy of probation.

***Commonwealth v. Wendowski***, 420 A.2d 628, 630 (Pa. Super. 1980). In

***Wendowski***, this Court found:

> If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation.

***Id.*** at 630, quoting ***James v. U.S.***, 140 F.2d 392, 394 (5th Cir. 1944). ***See***

***also Commonwealth v. Allshouse***, 33 A.3d 31, 39 (Pa. Super. 2011).

Sentencing following a revocation of probation is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa. Super. 2000). Furthermore, under Pennsylvania law, once probation is revoked, a court may impose a sentence of total confinement upon any of the following conditions: (1) the defendant has been convicted of another crime; (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of court. ***Id.***, citing 42 Pa.C.S.A. § 9771(c).

In ***Commonwealth v. Colon***, 102 A.3d 1033 (Pa. Super. 2014), this Court found that "a probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have

been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." *Id.* at 1041.

In the instant case, the court had sufficient reason to revoke Cadora's probation. Cadora stipulated that he violated the terms of his probation. Specifically, he tested positive for OxyContin and admitted that he consumed an old Percocet prescription despite being told repeatedly by his probation officer not to. Prior to that incident, Cadora had tested positive for opiates multiple times, admitted to illicitly using methadone, and was found to have solicited prostitutes over the internet. Accordingly, Cadora's claim that the trial court's sentence was not supported by evidence of a violation of probation is meritless.

Cadora also claims that his sentence was illegal.[5] This claim is patently meritless. Upon the revocation of probation, the court has available all sentencing options that were permissible at the time of the initial sentencing. "As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal." *Commonwealth v. Crump*, 995 A.2d 1280, 1285 (Pa. Super. 2010). The statutory maximum sentence for PWID is 180 months' imprisonment; Cadora was sentenced to 27 to 60 months' imprisonment. *See* 35 P.S. § 780-113(f)(1). Accordingly, he is entitled to no relief on this claim.

---

[5] Cadora does not explain why he believes his sentence was illegal.

Cadora also claims that his sentence was excessive. This claim raises a challenge to the discretionary aspects of sentencing. Such a claim does not entitle an appellant to review as a matter of right. **Commonwealth v. Swope**, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id.**, quoting **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Cadora filed a post-sentence motion to modify his sentence, filed a timely *nunc pro tunc* appeal, and included in his brief a statement of reasons in support of allowance of appeal pursuant to Pa.R.A.P. 2119(f).[6] Cadora having substantially complied with the procedural requirements, we must now determine if he has raised a substantial question for our review.

---

[6] Although counsel did not include Cadora's specific claim in the Pa.R.A.P. 2119(f) statement itself, a defective Rule 2119(f) statement does not impede our ability to review a discretionary aspect of a sentencing claim in the context of an **Anders** brief. **See Commonwealth v. Bynum-Hamilton**, 135 A.3d 179, 184 (Pa. Super. 2016).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

***Commonwealth v. Johnson***, 125 A.3d 822, 826 (Pa. Super. 2015), quoting ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (internal citations omitted).

Cadora asserts that his sentence was excessive, without any indication of how the sentence failed to conform to the norms of the process. Bald allegations of excessiveness do not raise a substantial question. ***Commonwealth v. Reynolds***, 835 A.2d 720, 733 (Pa. Super. 2003). This Court finds that no substantial question exists,[7] as the sentence imposed did not exceed the statutory maximum.

---

[7] Even assuming that Cadora raised a substantial question, the sentence imposed reflects proper consideration of the underlying facts and circumstances.

The record demonstrates that the Honorable Michael J. Barrasse was well-acquainted with Cadora and his circumstances. Cadora committed at least five technical violations and disregarded instructions from his probation officer, demonstrating an inability to rehabilitate and showing a continued disrespect of the judicial system. As the court noted:

> Just for the record, just so you're aware, on 6/29/15 he tested positive for opiates; on 9/1 positive; on 6/14 he was sanctioned for soliciting prostitutes on the internet; on 4/7/16, again, tested positive; . . . and 5/9/17 he tested positive for oxy.

N.T. Sentencing, 7/24/17, at 2-8.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2019