# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: February 28, 2018

**NO. A-1-CA-35471**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JEFFREY ASLIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**T. Glenn Ellington, District Judge**

Hector H. Balderas, Attorney General
Marko D. Hananel, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**VANZI, Chief Judge.**

{1} Defendant Jeffrey Aslin raises two issues on appeal challenging the district court's decision revoking his probation. First, he argues that there was insufficient evidence of willfulness to support the finding that he violated probation. Second, he argues that the district court abused its discretion in ruling that the violation was not a "technical violation" under the First Judicial District's technical violation program (TVP). We affirm on the first issue and reverse and remand on the second.

**BACKGROUND**

{2} In November 2013, Defendant was charged with trafficking of a controlled substance (methamphetamine), conspiracy to commit trafficking of a controlled substance, and possession of drug paraphernalia. Defendant subsequently pleaded guilty to one count of trafficking for which the district court imposed a suspended sentence of nine years imprisonment and a three-year term of probation. In September 2014, a month after entering his plea, Defendant signed an order of probation that, among other things, listed the conditions of Defendant's release and his understanding of them. Of particular relevance, condition five of the probation order required Defendant to "follow all orders and instructions of [his p]robation . . . [o]fficer including actively participating in and successfully completing any . . . treatment program . . . as deemed appropriate by the [p]robation . . . [o]fficer."

{3} Defendant admitted to violating his probation on December 15, 2014, after he tested positive for alcohol. The district court reinstated him to probation and Defendant opted into the TVP. As we explain in greater detail below, the TVP in effect at the time, was a program established at the First Judicial District Court for sanctioning adult probationers for "technical violations of their probation[.]"[1] The program provided progressive discipline, including days in jail, for certain "technical violations" up to and including removal from the TVP after a fourth violation.

{4} Defendant tested positive for methamphetamine twice while under the TVP and received jail sanctions of three and seven days, respectively. In October 2015, two months after his second sanction, Defendant was arrested and charged with possession of a stolen motor vehicle and altering or changing engine or other numbers. Defendant's probation officer, Mary Ann Sarmiento, filed a probation violation report alleging that Defendant had committed new criminal offenses and that he had failed to enter a drug treatment program.

---

[1]Admininistrative Order, Case No. D-101-CS-2012-00010, In re Establishing a Technical Violation Program for Adult Probationers. The later-enacted local rule was not in effect at the time this case was under consideration. *See* LR1-306 NMRA (adopted by Supreme Court Order No. 16-8300-015 and effective for all cases pending or filed on or after December 31, 2016). The local rule varies from the administrative order in some measurable respects particularly with regard to the definition of "technical violations" and a probationer's removal from the program.

{5}     The district court held an evidentiary hearing on November 13, 2015, at which two witnesses testified. New Mexico State Police Officer Jessie Whittaker testified regarding the new criminal offenses, and Sarmiento testified regarding the probation violations. Sarmiento stated that she instructed Defendant "multiple times" that he had to find and complete an outpatient drug treatment program "as soon as possible" before Community Corrections would accept him. Defendant told Sarmiento that he would pursue treatment through the Los Alamos Family Council (LAFC), but Sarmiento later learned that LAFC would not be able to provide treatment for him. On September 10, 2015, Sarmiento advised Defendant that he could not get treatment from LAFC and provided him with alternatives, including Presbyterian Medical Services and Hoy Recovery, both located in Española, New Mexico. Defendant never enrolled or participated in those programs or any other outpatient drug treatment program between the time of his conversation with Sarmiento on September 10th and his arrest on October 6th.

{6}     At the conclusion of the hearing, the district court found that the State had not proven a violation based on new charges; however, the court found that Defendant had failed to "enter into, participate, and successfully complete drug treatment" in violation of his probation agreement. The district court rejected Defendant's argument that the infraction was a technical violation stating that "failing to find a program and

3

enter is not the same thing as testing positive. It is more than a mere technical violation." The court revoked Defendant's probation and imposed a sentence of time served, plus two years, seven months, and seven days in prison, to be followed by four years, eight months, and twenty-seven days on probation. This appeal followed.

**DISCUSSION**

{7} Defendant makes two arguments on appeal. First, he argues that there was insufficient evidence to support the district court's finding that he violated probation. In particular, he contends that the evidence presented at the evidentiary hearing did not prove that he "willfully avoided treatment." Second, Defendant argues that his failure to enter and complete an outpatient drug treatment program was a technical violation that should have been sanctioned in accordance with the TVP, and the district court abused its discretion when it revoked his probation. Although we conclude that the district court did not err in finding that Defendant's failure to enter and complete treatment constituted a probation violation, we agree that Defendant should have been sentenced under the TVP for a third technical violation.

{8} We review the district court's decision to revoke probation under an abuse of discretion standard. *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. The state "bears the burden of establishing a probation violation with a reasonable certainty." *Id.* Moreover, "[t]o establish a violation of a probation agreement, the obligation is

4

on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339.

{9}     We pause to address the State's request for clarification of the law governing the willfulness analysis in probation revocation hearings. Citing to a plethora of mostly unpublished opinions, the State contends that our case law "spans several decades and while not contradictory, is at times inconsistent." Although we see no consequential split or inconsistency in our authority, we nevertheless reiterate that,"[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *Leon*, 2013-NMCA-011, ¶ 36 (internal quotation marks and citation omitted). Thus, while the burden of proving a willful violation always remains on the state, after the state presents a prima facie case of a violation, the burden shifts to the defendant to come forward with evidence that the failure to comply was through no fault of his own. *State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321; *see also State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99 (noting that it was the state's burden to prove that the defendant violated probation by not paying probation fees and costs, and once the state did so, it was the defendant's responsibility to demonstrate that non-compliance was not willful). As we explained

in *Leon*, there is no shifting of the burden of proof, but a shifting of the burden of going forward with evidence to meet or rebut a presumption that has been established by the evidence. 2013-NMCA-011, ¶ 36. In other words, once the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse. *See id.* ¶¶ 36, 39 (noting that the defendant did not present any evidence to rebut the reasonable inference that he willfully violated his probation); *see also In re Bruno R.*, 2003-NMCA-057, ¶ 9 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation). Having reiterated the law, we now turn to the issues in this case. We begin with whether Defendant's conduct constituted a "willful violation."

{10} At the November 13, 2015 evidentiary hearing, the State presented evidence that Defendant had failed to enter into, participate in, and complete outpatient drug treatment. The probation order—which Defendant acknowledged and signed—required him, among other things, to follow his probation officer's orders, including "actively participating in and successfully completing" a drug treatment program. Defendant's probation officer, Sarmiento, testified that she told Defendant "multiple times" that he had to find and complete an outpatient drug treatment

6

program but he failed to do so. Although Defendant told Sarmiento that he would pursue treatment through LAFC, Sarmiento later found out that Defendant was unable to obtain treatment at that facility. Sarmiento then provided Defendant with two outpatient drug treatment alternatives to LAFC, but he never entered those or any other programs. We agree with the district court that through Sarmiento's testimony the State established a prima facie case that Defendant willfully violated a term of his probation agreement. Accordingly, to rebut this presumption Defendant was required to come forward with evidence showing that his non-compliance was not willful.

{11} On appeal, Defendant contends that his "failure to get treatment resulted from factors beyond his control." However, Defendant does not direct us to anything in the record that provides evidence to support this statement. Indeed, Defendant did not present any evidence at the hearing to rebut the reasonable inference set forth by Sarmiento's testimony that his non-compliance was willful. Accordingly, we conclude that the district court did not abuse its discretion in determining that the State met its burden of establishing that, to a reasonable certainty, Defendant willfully violated a term of his probation. *Cf. Leon*, 2013-NMCA-011, ¶¶ 38-39 (concluding that "the evidence was sufficient for a reasonable mind to conclude that [the d]efendant had violated [a] condition of his probation" when the probation officer

testified that the defendant did so and the defendant did not come forward with any evidence to rebut this presumption).

{12}     Although we hold that the district court did not abuse its discretion in finding that Defendant violated probation, we nonetheless conclude that the court erred in revoking Defendant's probation on the basis that the violation was "not a mere technical violation." As we have noted, we review a district court's revocation of probation under the abuse of discretion standard. *Id.* ¶ 36. However, "our review of the application of the law to the facts is conducted de novo. Accordingly, we may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." *Harrison v. Bd. of Regents of Univ. of N.M.*, 2013-NMCA-105, ¶ 14, 311 P.3d 1236 (internal quotation marks and citations omitted). We begin with the provisions of the TVP.

{13}     In August 2012, the First Judicial District established the TVP by administrative order (Order) pursuant to Rule 5-805(C) NMRA. Rule 5-805(C) allows a district court to "establish a program for sanctions for probationers who agree to automatic sanctions for a technical violation of the conditions of probation." The Order, which was subsequently replaced by LR1-306, was the version that was in effect at the time the district court entered its judgment revoking Defendant's

probation. We therefore analyze Defendant's argument under the provisions of the Order.

{14}    Pursuant to the Order, a probationer who was placed into the TVP and who committed a technical violation of his or her order of probation, waived the right to due process procedures as provided by Rule 5-805 and would instead be sanctioned based on a progressive disciplinary scheme. For example, the probationer would receive up to three (3) days in jail for the first technical violation, up to seven (7) days in jail for a second violation, and up to fourteen (14) days for the third technical violation. Section E of the Order provided that "[a]fter a fourth technical violation, a probationer may be subject to removal from the TVP and subsequent violations may be prosecuted pursuant to Rule 5-805."[2] Technical violations included:

> (1)    having a positive urine or breath test or other scientific means of detection for drugs or alcohol;
>        . . . .
> (2)    possessing alcohol;
> (3)    missing a counseling appointment;
> (4)    missing a community service appointment;
> (5)    missing an educational appointment; or

---

[2]This provision differs materially from LR1-306(E) which provides that "[o]n a fourth technical violation, a probationer shall be removed from the TVP, and subsequent violations that would constitute technical violations under this rule may be prosecuted under Rule 5-805 . . . . The court may also remove a probationer from the TVP at any time on a probation violation that is not defined as a technical violation by this rule."

9

(6)     the failure to comply with any term of, or to complete, any treatment program or any other program required by the court or probation.

{15} In this case, the district court found that Defendant "violated his conditions of probation by failing to enroll in treatment as ordered by probation." The court further found that the violation was "not a mere technical violation" and granted the motion to revoke probation on that basis. Defendant contends that contrary to the district court's finding, his probation violation came within the ambit of either technical violation number three or six, above, and because this would be his third violation, the court could only impose a fourteen-day jail sanction. We agree.

{16} As an initial matter, we acknowledge that judicial districts have the authority to promulgate local rules and, pursuant to Rule 5-805(C), the First Judicial District had the authority to enact the TVP at issue here. However, it is well-established that local rules may not conflict with statewide rules. Rule 5-102(A) NMRA ("Local rules and forms shall not conflict with, duplicate, or paraphrase statewide rules or statutes."); Rule 5-805(C) (stating that a judicial district may establish a TVP in accordance with Rule 5-102). As Defendant points out, Rule 5-805(C)(3) clearly and unambiguously defines a "technical violation" as "any violation that does not involve new criminal charges." The State does not respond to Defendant's argument nor does it address the plain language of Rule 5-805(C).

10

{17} Notwithstanding the general rule that "it is not the function of a reviewing court to substitute its own interpretation of a local rule for that of the court which promulgated the rule[,]" *State v. Cardenas*, 2003-NMCA-051, ¶ 10, 133 N.M. 516, 64 P.3d 543 (alteration, internal quotation marks, and citation omitted), the plain language of Rule 5-805(C) provides that a technical violation is limited to violations that do not involve new criminal charges. The district court in this case specifically found that there was "insufficient evidence that . . . Defendant violated the conditions of probation by committing new offenses." Without a finding that he committed a "new violation of state law," Defendant's failure to enter and complete outpatient drug treatment must therefore be construed as a "technical violation" under Rule 5-805(C). *See Fogelson v. Wallace*, 2017-NMCA-089, ¶ 75, 406 P.3d 1012 (noting that we give effect to the plain meaning language of a statute when its language is clear and unambiguous); *see also Frederick v. Sun 1031, LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 ("When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." (internal quotation marks and citation omitted)). In sum, because local rules should not conflict with statewide rules, Rule 5-102(A), the district court erred in finding that Defendant's probation violation was "not a mere technical violation" under the TVP and by granting the State's motion to revoke probation on that basis. Instead, the district court should

11

have imposed the sanction for a third violation of the Order and imposed a fourteen-day jail sentence for the violation. We vacate the court's order revoking probation and remand with instructions to reinstate probation.

**CONCLUSION**

{18} We affirm the district court's finding that Defendant violated probation. We reverse the district court's finding that Defendant's violation was not a technical violation and remand for sentencing consistent with the automatic sanctions of the TVP.

{19} **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**JULIE J. VARGAS, Judge**

_____

**STEPHEN G. FRENCH, Judge**