# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:  2020-NMSC-004

Filing Date: December 12, 2019

No. S-1-SC-36999

STATE OF NEW MEXICO,

      Plaintiff-Petitioner,

v.

JEFFREY ASLIN,

      Defendant-Respondent.

ORIGINAL PROCEEDING ON CERTIORARI
T. Glenn Ellington, District Judge

Released for Publication February 18, 2020.

Hector H. Balderas, Attorney General
Marko David Hananel, Assistant Attorney General
Santa Fe, NM

for Petitioner

Bennett J. Baur, Chief Public Defender
Matthew J. Edge, Assistant Appellate Defender
Santa Fe, NM

for Respondent

## OPINION

**VIGIL, Justice.**

**{1}**    Rule 5-805(C) NMRA allows each judicial district to establish a technical violation program (TVP) by local rules whereby probationers can agree to automatic sanctions for technical violations of probation. In the case of Defendant Jeffrey Aslin, the district court ruled that Defendant's probation violation was not a technical violation under the First Judicial District's temporary TVP, and the court revoked Defendant's probation. On direct appeal the Court of Appeals reversed, holding that the definition of a technical violation in the First Judicial District's temporary TVP conflicted with the definition of a

technical violation in Rule 5-805(C). *State v. Aslin*, 2018-NMCA-043, 421 P.3d 843, *cert. granted* (S-1-SC-36999, June 25, 2018). On certiorari, the State contends that the Court of Appeals misinterpreted Rule 5-805(C). We agree.

## I.     BACKGROUND

**{2}**     Rule 5-805(C) permits a judicial district to establish a TVP by local rule. A TVP is "a program for sanctions for probationers who agree to automatic sanctions for a technical violation of the conditions of probation." *Id.* However, all local rules proposed for the district courts must receive Supreme Court approval pursuant to Rule 5-102(A)(1) NMRA. When we adopted Rule 5-805(C), we recognized that the approval process could unreasonably delay the ability of a judicial district to establish a TVP, and we authorized each judicial district to establish a temporary TVP under a provisional administrative order, to remain effective until final Supreme Court approval of a judicial district's local rule. Following this procedure, the First Judicial District established its temporary TVP in 2012. The local rule, LR1-306 NMRA, which establishes the permanent TVP in the First Judicial District, was approved for all cases filed in the district courts of the First Judicial District on or after December 31, 2016. Because the temporary TVP was in effect in December 2014 when the district court placed Defendant in the TVP and because the probation violations occurred in 2014 and 2015, LR1-306 does not apply, and the temporary TVP governs. For ease of reference we hereinafter refer to the temporary TVP simply as the TVP.

**{3}**     Under the TVP, a probationer who was in the program and committed a technical violation of probation waived the procedural rights provided for in Rule 5-805 and was subject to a progressive disciplinary scheme. A first violation allowed a sanction of up to three days in jail, a second violation allowed up to seven days in jail, a third violation allowed up to fourteen days in jail, and a fourth violation allowed up to twenty-one days in jail. The TVP in pertinent part defined "technical violations" of a probation agreement as

> (1)     having a positive urine or breath test or other scientific means of detection for drugs or alcohol;
> . . . ;
> (2)     possessing alcohol;
> (3)     missing a counseling appointment;
> (4)     missing a community service appointment;
> (5)     missing an educational appointment; or
> (6)     the failure to comply with any term of, or to complete, any treatment program or any other program required by the court or probation.

**{4}**     Pursuant to a plea and disposition agreement, Defendant had pleaded guilty to trafficking a controlled substance (methamphetamine) by distribution. On September 3, 2014, Defendant was sentenced to nine years of incarceration, all of which was suspended with three years of supervised probation. Defendant then signed a standard order setting conditions of probation, and he agreed to comply with its terms. Three

months later, on December 15, 2014, Defendant admitted to violating probation after he tested positive for consuming alcohol. Under the TVP, "[t]he court, in its discretion, with the knowing and voluntary consent of the probationer, may order placement of a probationer into the TVP at any time during that person's period of supervised probation." The district court reinstated Defendant's probation and placed Defendant into the TVP.

**{5}** While in the TVP, Defendant committed first and second technical violations when he tested positive for methamphetamine in June and again in August 2015. In accordance with the TVP, Defendant served three days and then seven days in jail for these violations. Upon his release from the seven-day jail sentence, Defendant's probation officer instructed Defendant to enter, participate in, and successfully complete the Community Corrections Program.

**{6}** On October 6, 2015, Defendant was arrested on new criminal charges of possessing a stolen vehicle, NMSA 1978, § 30-16D-4 (2009), and altering or changing a motor vehicle engine number or other number, NMSA 1978, § 30-16D-6 (2009). The State thereupon filed a petition to revoke probation on two grounds: (1) Defendant had committed new criminal offenses, and (2) Defendant failed to enter a drug treatment program as ordered. Filing the petition to revoke probation triggered the normal probation revocation procedures under Rule 5-805(D)-(L), and the district court held an evidentiary hearing on the alleged new offenses. We do not discuss the first allegation because the district court found the evidence that Defendant committed new criminal offenses to be insufficient. In support of the second allegation, Defendant's probation officer testified that Defendant failed to enter an outpatient drug treatment program as she had instructed him to do multiple times between September 1, 2015, and Defendant's arrest on the new charges. Based on this evidence, the district court found "to a reasonable certainty" that "Defendant violated his conditions of probation by failing to enroll in treatment as ordered by probation." The district court also found that this was "not a mere technical violation." At the hearing, the district court rejected Defendant's argument that this was a technical violation under the TVP, stating that "failing to find a program and enter is not the same thing as testing positive. It is more than a mere technical violation." The district court therefore revoked Defendant's probation and ordered that he serve his remaining sentence of two years, seven months, and seven days in the custody of the New Mexico Department of Corrections followed by a specified period of probation.

**{7}** Defendant appealed to the Court of Appeals, raising two issues: (1) There was insufficient evidence to support a finding that Defendant willfully violated his probation, and (2) the district court erred in ruling that the violation was not a technical violation under the TVP. *Aslin*, 2018-NMCA-043, ¶¶ 1, 7. On the first issue, the Court of Appeals affirmed the district court. *Id.* ¶¶ 1, 10-11. However, the Court of Appeals did not address the second issue as Defendant had presented it. Instead, the Court of Appeals determined that the definition of a "technical violation" in the TVP impermissibly conflicted with the definition of a "technical violation" in Rule 5-805(C). *Aslin*, 2018-NMCA-043, ¶ 16. Because the district court found insufficient evidence that Defendant

violated conditions of probation by committing new offenses and because "the plain language of Rule 5-805(C) provides that a technical violation is limited to violations that do not involve new criminal charges," the Court of Appeals held that Defendant's failure to enter and complete outpatient drug treatment "must therefore be construed as a 'technical violation' under Rule 5-805(C)." *Aslin*, 2018-NMCA-043, ¶ 17. Accordingly the Court of Appeals reversed the district court's finding that Defendant's violation was not a technical violation under the TVP, vacated the district court order revoking Defendant's probation, and remanded the case for imposition of the sanction for a third technical violation under the TVP (up to fourteen days in jail). *Id.* ¶¶ 17-18.

**{8}** We granted the State's petition for certiorari to review the opinion of the Court of Appeals. Our review is limited to the question presented by the State's petition. *See* Rule 12-502(C)(2)(b) NMRA. The State contends the "Court of Appeals [m]isinterpreted Rule 5-805(C)" in "determin[ing] that all probation violations that do not consist of new charges must be subject to an automatic sanction according to the [TVP] schedule."

## II. DISCUSSION

### A. Standard of Review

**{9}** This case requires us to interpret Rule 5-805(C). As such, we are presented with a question of law subject to de novo review. *Allen v. LeMaster*, 2012-NMSC-001, ¶ 11, 267 P.3d 806 ("The proper interpretation of our Rules of Criminal Procedure is a question of law that we review de novo."). "When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." *Kipnis v. Jusbsache*, 2017-NMSC-006, ¶ 10, 388 P.3d 654 (internal quotation marks and citation omitted). "We begin by examining the plain language of the rule as well as the context in which it was promulgated, including the history of the rule and the object and purpose." *Id.* ¶ 11 (brackets, ellipsis, internal quotation marks, and citation omitted).

### B. Analysis

**{10}** Rule 5-805(C) provides,

> A judicial district may by local rule approved by the Supreme Court in the manner provided by Rule 5-102 NMRA, establish a program for sanctions for probationers who agree to automatic sanctions for a technical violation of the conditions of probation. Under the program a probationer may agree:
> (1) not to contest the alleged violation of probation;
> (2) to submit to sanctions in accordance with the local rule; and
> (3) to waive the provisions of Paragraphs D through L of this rule. *For purposes of this rule, a "technical violation" means any violation that does not involve new criminal charges.*

(Emphasis added.)

**{11}** The language at issue is the last sentence of Rule 5-805(C). Admittedly, the sentence in isolation is ambiguous. One reading of the sentence in isolation supports the Court of Appeals interpretation of Rule 5-805(C), "'any violation that does not involve new criminal charges'" is "'a technical violation.'" *Aslin*, 2018-NMCA-043, ¶ 16 (quoting Rule 5-805(C)(3)). However, the State correctly points out that the Court of Appeals failed to consider the remaining language of the rule. Considering Rule 5-805(C) in its entirety, it is apparent that the rule gives a judicial district discretion to establish a local program suitable to the district. Thus, probationers may agree to waive the due process procedures in Rule 5-805 and incur automatic sanctions for what the district defines for itself as technical violations of probation. In this context Rule 5-805(C)(3) adds that "a 'technical violation' means any violation that does not involve new criminal charges." That is to say, in specifying the technical violations under a TVP program the only limitation is that the judicial district may *not* include "new criminal charges" among those technical violations. As the State correctly observes, if the Court of Appeals interpretation is correct, Rule 5-805(C) would require *all* violations that do not involve new criminal charges to constitute technical violations. This removes all discretion for judicial districts to determine technical violations for themselves, contrary to the purpose, structure, and language of the rule. In contrast, the phrase "any violation" permits a judicial district to define a technical violation for itself, as long as the violation does not include new criminal charges. This is consistent with the rehabilitative purposes and goals of probation. *See State v. Lopez*, 2007-NMSC-011, ¶ 8, 141 N.M. 293, 154 P.3d 668 ("[R]ehabilitation is the primary goal of probation." (citing *State v. Rivera*, 2004-NMSC-001, ¶ 24, 134 N.M. 768, 82 P.3d 939)); *State v. Nieto*, 2013-NMCA-065, ¶¶ 6-7, 303 P.3d 855 ("[P]robation serves a rehabilitative purpose.")

**{12}** A sentencing court in New Mexico historically has had the discretion to "suspend any sentence imposed upon such terms and conditions as it shall deem proper, and such sentence shall go into effect upon order of the court upon a breach of any of such terms or conditions by the person convicted." *Ex parte Bates*, 1915-NMSC-060, ¶ 2, 20 N.M. 542, 151 P. 698 (internal quotation marks and citation omitted). In dealing with probation violations, the sentencing court has three available options when a defendant violates terms or conditions of probation. *State v. Martinez*, 1982-NMCA-185, ¶ 5, 99 N.M. 248, 656 P.2d 911 (stating that the sentencing court "may (1) continue probation, (2) revoke probation and require the defendant to serve the balance of the previously imposed sentence, or (3) revoke probation and require the defendant to serve a sentence *less* than the balance of the previously imposed sentence"). The Legislature has retained these options in the current sentencing scheme. "If [a probation] violation is established, the court may continue the original probation or revoke the probation and either order a new probation with any condition provided for in [NMSA 1978,] Section 31-20-5 [(2003)] or [NMSA 1978, Section] 31-20-6 [(2007)] or require the probationer to serve the balance of the sentence imposed or any lesser sentence." NMSA 1978, § 31-21-15(B) (2016). We have further stated that "[t]he probation statutes themselves are structured in such a manner to give the sentencing court the broad power to ensure that the goal of rehabilitation is indeed being achieved." *Rivera*, 2004-NMSC-001, ¶ 21. The Court of Appeals interpretation undermines, rather than supports, these goals and options. *See id.*

**{13}**    The discretion provided under Rule 5-805(C) becomes further evident upon examination of local rules, which we have approved, that establish TVPs in judicial districts throughout New Mexico. The TVPs of First, Fourth, and Thirteenth Judicial Districts designate specific probation violations as technical violations. *See* LR1-306(C); LR4-301(C) NMRA; LR13-301(C) NMRA. The Second Judicial District also designates specific probation violations as technical violations under its TVP and includes as well "any other violations other than a new criminal offense." LR2-307(C) NMRA. On the other hand, the Fifth and Seventh Judicial Districts define a technical violation as "any violation that does not involve new criminal charges." LR5-301(C) NMRA; LR7-301(C) NMRA. The differences among these approved local rules further support the conclusion that Rule 5-805(C) gives each judicial district the discretion to determine, outside of new criminal charges, what its TVP includes as technical violations.

**{14}**    Under the Court of Appeals reasoning, "technical violations" are "all violations that do not involve new criminal charges." *See Aslin*, 2018-NMCA-043, ¶ 17. Based on the foregoing reasons, we hold that the Court of Appeals erred in its interpretation of Rule 5-805(C). We therefore reverse.

## C.    Issue That Remains to Be Decided

**{15}**    In the Court of Appeals Defendant argued that the district court erred in ruling that Defendant's probation violation was not a technical violation under the TVP. *Aslin*, 2018-NMCA-043, ¶ 1. Relying on an argument not preserved or even made, the Court of Appeals instead concluded that Defendant's probation violation did not involve new criminal charges and consequently was a technical violation under its interpretation of Rule 5-805(C). *See Aslin*, 2018-NMCA-043, ¶ 17. Reasoning that "because local rules should not conflict with statewide rules," the Court of Appeals reversed the order of the district court and remanded the case with instructions to reinstate Defendant's probation and impose the sanction for a third violation under the TVP (up to fourteen days in jail). *Id.* ¶¶ 17-18.

**{16}**    Defendant continues to make the argument before us that the district court should be reversed because it erred in ruling that Defendant's probation violation was not a technical violation under the TVP. The State in turn correctly points out that this argument is not properly before us. Specifically, on a writ of certiorari, we "will consider only the questions set forth in [a] petition." Rule 12-502(C)(2)(b). The only question on which we granted certiorari in this case is whether the "Court of Appeals misinterpreted Rule 5-805(C) when it held that *all* probation violations that do not involve 'new criminal charges' *must* be treated as technical under [the TVP]."

**{17}**    Whether Defendant's probation violation is or is not a technical violation under the TVP has serious consequences. If the violation is a technical violation under the TVP, Defendant's probation is not revoked, he has a third technical violation, and he is subject to no more than fourteen days in jail. On the other hand, if the violation is not a technical violation under the TVP, the district court order revoking Defendant's probation

and imposing the remaining sentence of two years, seven months, and seven days in the custody of the New Mexico Department of Corrections must be affirmed.

**{18}** Under the TVP, one of the definitions of a technical violation is "the failure to comply with any term of, or to complete, any treatment program or any other program required by the court or probation." Under Defendant's order of probation, one of the standard conditions of probation is, "I will follow all orders and instructions of my Probation/Parole Officer including actively participating in and successfully completing any level of supervision and/or treatment program, which may include Community Corrections, ISP, Elec Monitoring or other supervision/treatment program, as deemed appropriate by the Probation/Parole Officer."

**{19}** Whether Defendant's violation falls under the TVP or under the order of probation or neither must still be determined. We therefore remand the case to the Court of Appeals to answer this question, which Defendant first raised on direct appeal.

## III.  CONCLUSION

**{20}** We reverse the Court of Appeals, and we remand this case to the Court of Appeals for further proceedings consistent with this opinion.

**{21}  IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**

**JUDITH K. NAKAMURA, Chief Justice**

**BARBARA J. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**