This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-35471**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JEFFREY ASLIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LOS ALAMOS COUNTY**
**T. Glenn Ellington, District Judge**

Hector H. Balderas, Attorney General
Marko D. Hananel, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** This matter comes before the Court on remand from our Supreme Court, directing us to reconsider our prior opinion in light of the Court's opinion in *State v. Aslin*, 2020-NMSC-004, 457 P.3d 249. We now affirm.

**{2}** Defendant appealed the district court's decision revoking his probation, arguing that there was insufficient evidence of willfulness to support the finding that he violated probation, and that the court erred in ruling that the violation was not a "technical

violation" under the First Judicial District's technical violation program (TVP). In our original opinion filed on February 28, 2018, we affirmed the district court's finding of willfulness but reversed on the issue that the violation was not a "technical violation." Specifically with regard to the TVP, we concluded that the definition of a technical violation in the First Judicial District Court's administrative order temporarily establishing the TVP conflicted with the definition of a technical violation in Rule 5-805(C) NMRA. *State v. Aslin*, 2018-NMCA-043, ¶ 17, 421 P.3d 843, *rev'd*, 2020-NMSC-004.

**{3}** In *Aslin*, our Supreme Court ruled that "[c]onsidering Rule 5-805(C) in its entirety, it is apparent that the rule gives a judicial district discretion to establish a local program suitable to the district." 2020-NMSC-004, ¶ 11. Thus, it held that judicial districts are permitted to define a technical violation for themselves, as long as the violation does not include new criminal charges. *Id.* The Court remanded on the issue that remained: whether Defendant's probation violation was a technical violation under the TVP or under the order of probation or neither. *Id.* ¶ 19.

**{4}** A district court's revocation of a defendant's probation is reviewed for an abuse of discretion. *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. The state bears the burden of establishing a probation violation with a reasonable certainty. *Id.* "To establish an abuse of discretion, it must appear that the trial court acted unfairly or arbitrarily, or committed manifest error." *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321. To the extent that our review involves the propriety or sufficiency of the legal framework used by the court, our review is de novo. *See State v. Gutierrez*, 2006-NMCA-090, ¶ 7, 140 N.M. 157, 140 P.3d 1106.

**{5}** Technical violations of a probation agreement in the TVP include:

[a] having a positive urine or breath test or other scientific means of detection for drugs or alcohol;

. . . .

[b] possessing alcohol;

[c] missing a counseling appointment;

[d] missing a community service appointment;

[e] missing an educational appointment; or

[f] the failure to comply with any term of, or to complete, any treatment program or any other program required by the court or probation.

**{6}** There is no dispute that Defendant's violation falls under the order of probation. The probation order—which Defendant acknowledged and signed—required him, among other things, to follow his probation officer's orders, including "actively

participating in and successfully completing" a drug treatment program. Thus, the sole remaining issue in this case is whether Defendant's failure to "enter into, participate, and successfully complete drug treatment" was a technical violation under the TVP. Defendant contends that it was because his failure to enter a program comes within the ambit of item 6, "the failure to comply with any term of, or to complete, any treatment program." On this basis, Defendant maintains that his probation should not have been revoked and he should have instead been sanctioned based on the progressive disciplinary scheme set forth in the TVP. We disagree.

{7}    As an initial matter, we note that Defendant provides no case law—indeed, no basis at all—for his assertion that the district court abused its discretion by "abandon[ing] the legal framework of the TVP administrative order." The sum of his argument is that "under its plain meaning, this provision applies to the violation in this case. Probation required [Defendant] to enroll in a treatment program. [He] failed to comply with a term that any treatment program has, that he enroll in it." Contrary to Defendant's assertion, the plain language of the administrative order does not support his interpretation.

{8}    The plain language of the administrative order provides that a technical violation is committed when a defendant fails to "comply with any term of, or to complete, any treatment program." It does not state that a technical violation is committed when a defendant fails to *enter* any treatment program. In our view, the order contemplates the potential for a technical violation only in those situations in which the defendant is already enrolled in a program. The judges of the First Judicial District could have included the words "enter any program or" in item 6 had they chosen to do so. *See Mira Consulting, Inc. v. Bd. of Educ., Albuquerque Pub. Sch.*, 2017-NMCA-009, ¶ 13, 389 P.3d 306 (stating that "[t]he [district court] knows how to include language in a[n order] if it so desires" (internal quotation marks and citations omitted)). They did not, and we decline to add language where none exists.

{9}    We note as well that Defendant's interpretation of the provision at issue would frustrate the purposes of a technical violation program, which is to provide a graduated system of consequences for *minor* probation violations. Defendant's order of probation required that he "actively participa[te] in and successfully complet[e] any level of supervision and/or treatment program" deemed appropriate by his probation officer. In this regard, the probation officer instructed Defendant "multiple times" that he had to find and complete an outpatient drug treatment program "as soon as possible" before Community Corrections would accept him. Defendant told the probation officer that he would pursue treatment through the Los Alamos Family Council (LAFC); however, the probation officer later learned that LAFC would not be able to provide treatment for him. The probation officer advised Defendant that he could not get treatment from LAFC and provided him with alternatives, including Presbyterian Medical Services and Hoy Recovery, both located in Española. However, Defendant never enrolled or participated in those or any other outpatient drug treatment program. Based on these facts, we agree with the district court that Defendant's refusal to comply with this condition of

probation—to "find and enter" a program—was a serious infraction and constituted "more than a mere technical violation."

**{10}** Given the plain language of the order and the undisputed facts in this case, we conclude the district court did not err in revoking Defendant's probation.

**CONCLUSION**

**{11}** We affirm.

**{12} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JULIE J. VARGAS, Judge**