This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41350**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DAVID GERBER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Second, Eleventh, and Twelfth Judicial District Courts in In re Pilot Project for Criminal Appeals, No. 2022-002, effective November 1, 2022 (the

Administrative Order). Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order, we affirm for the following reasons.

**{2}** Defendant is appealing from an order revoking his probation. On appeal, Defendant's sole issue challenges the sufficiency of the evidence to support revocation. [BIC 5] "In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In Re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{3}** Here, the State's petition to revoke probation alleged that Defendant violated the following condition of probation:

> I will get prior permission from my PPO to go to places where children under eighteen gather. This includes, but is not limited to: schoolyards, parks, playgrounds, swimming pools, community centers, amusement parks, arcades, school bus stops, zoos, and any establishment that is intended for the entertainment of children. [RP 34, 37]

**{4}** The State alleged that Defendant attended the Otero County Fair, and that he knew that by doing so he would be in violation of the above-noted provision. [RP 36] At the revocation hearing, the State presented evidence that Defendant did not get permission to go to the fair, that it was a place that had rides and games for the entertainment of minors, and that children were also there to exhibit their animals and craftwork. [RP 59] Defendant admitted in his testimony that he was at the fair for approximately one hour but he limited his visit to the craft and animal area, and did not enter the carnival area. [RP 60] He stated that he did not believe he was in violation during that visit. [RP 60] In response, the State presented evidence that the craft area had activities for children. [RP 60]

**{5}** On appeal, Defendant claims that he did not wilfully violate his probation because the above-noted provision did not give him adequate notice that the fair was a prohibited area. We disagree. Defendant's order of probation established the terms and conditions of probation, and we look to the language of the order in considering the adequacy of notice. *See State v. Dinapoli*, 2015-NMCA-066, ¶ 7, 350 P.3d 1259 (explaining that "[n]otice is an issue to the extent it bears upon whether it was reasonable for [the d]efendant to have believed that he was not violating the terms of his probation"). Although Defendant frames this as a matter of due process, the more appropriate analysis relies on general principles of contract construction. *See id.* ¶¶ 12-14, 22 (applying contract construction principles to address the notice issue of whether

a sex offender had adequate notice that conduct violated the probation condition). As applied here, there is nothing vague about a county fair being a place that would be a place "where children under eighteen gather." [RP 36]

{6}     A probation violation does not require proof beyond a reasonable doubt. *See Martinez*, 1989-NMCA-036, ¶ 4 (observing that "proof of a violation of a condition of probation need not be established beyond a reasonable doubt," but rather, must merely incline a "reasonable and impartial mind to the belief that [the] defendant has violated the terms of probation"). Willfulness is generally presumed upon proof of a probation violation. *See State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse."), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249. Although a probationer may seek to establish that his failure to comply was not willful, this usually requires a demonstration that the violation(s) "resulted from factors beyond his control and through no fault of his own." *Martinez*, 1989-NMCA-036, ¶ 8. In this case there has been no suggestion that Defendant's commission of new criminal offenses "resulted from factors beyond his control" or "through no fault of his own." *Id.*

{7}     As noted, Defendant admitted to going to the county fair, but he claimed he limited his visit to the animal and crafts sections—areas that he believed did not violate the probation order. [BIC 4] However, the district court judge, sitting as fact-finder, could reject Defendant's version of events and conclude that the violation was willful. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events). Given the plains language of the condition of probation, and the fact-finder's role in determining Defendant's credibility, we conclude that Defendant's willfulness argument lacks merit.

{8}     For the reasons set forth above, we affirm.

{9}     **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**