This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41663**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**CURTIS JACKSON,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. Delaney, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant appeals from a district court order revoking his probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence to support the revocation. "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-

NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{3}**     The State's petition to revoke probation and a subsequent addendum alleged that Defendant violated two conditions of probation, by failing to get permission to leave Luna County and failing to truthfully and accurately communicate with his probation officer. [RP 178-79, 197-98] The record indicates that the State presented evidence that supported the district court's findings that Defendant willfully left Luna County to travel to Grant County without permission and that he did not truthfully and accurately communicate other travel plans. [1 RP 224-28, 253-54]

**{4}**     Defendant's argument that his violations were "de minimis" is in effect a claim that the revocation was based on mere technical violations. However, as Defendant acknowledges, the Sixth Judicial District does not have a technical violation program. [DS 3] *See generally* Rule 5-805(C) NMRA (providing that judicial districts may establish technical violation programs); *Cerrillos Gravel Prods., Inc. v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 2004-NMCA-096, ¶ 10, 136 N.M. 247, 96 P.3d 1167 ("The word 'may' is permissive, and is not the equivalent of 'shall,' which is mandatory.").

**{5}**     Defendant claims that revocation based on mere technical violations amounts to a violation of due process. However, Defendant's initial sentence of a conditional discharge included a provision that there would be "zero tolerance" for any violation of probation. [RP 152] Defendant acknowledged this as a special condition of his probation. [RP 162] The State still had to establish a violation under the "reasonable certainty" standard. *See State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. Moreover, involvement in a technical violation program would have required Defendant to give up certain due process rights. *See State v. Aslin*, 2020-NMSC-004, ¶ 11, 457 P.3d 249 (discussing waiver of due process rights for entry into the program). As we have stated, the evidence established that Defendant willfully left Luna County without permission, and that he did not accurately and truthfully communicate with his probation officer. In the absence of a governing technical violation program, this is sufficient to support the revocation of Defendant's probation.

**{6}**     For the reasons set forth above, we affirm.

**{7}**     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JACQUELINE R. MEDINA, Judge**