This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41754**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**FERNANDO SILENTMAN a/k/a
FERNANDO L. SILENTMAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

{2}     Defendant appeals from the district court's revocation of his probation on two grounds: (1) consuming drugs, and (2) failure to report to Adult Probation and Parole for probation supervision. [BIC 7; RP 147] Defendant's appeal challenges only to the district court's finding that Defendant violated probation for failure to report. The sole issue raised is Defendant's claim that the evidence presented at the probation revocation hearing was insufficient to establish that his failure to report for probation supervision was willful. [BIC 1, 7-10]

{3}     As Defendant's appeal does not address or otherwise challenge the district court's finding that Defendant violated his probation by consuming illegal drugs [BIC 11], it is not strictly necessary to address Defendant's sole appellate contention. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (holding that probation revocations based on multiple violations of the terms of a defendant's probation are to be upheld "if there is sufficient evidence to support just one violation"). Nevertheless, we note that the State presented evidence that on April 7, 2023, Defendant signed a New Mexico Department of Corrections Probation Notification document that both notified Defendant that he was on probation and ordered him to report to the probation office in San Juan County for supervision. [BIC 3; Ex. 1] This evidence was sufficient for the State to meet its burden of proof that Defendant was informed he must report to probation. *See id.* ¶ 36 ("In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty. To meet this burden, the [s]tate must introduce evidence that a reasonable and impartial mind would be inclined to conclude that the defendant has violated the terms of probation." (citations omitted)); *see also State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 (nothing that willfulness is generally presumed upon proof of a probation violation), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249. Although Defendant contends that he presented contradictory evidence demonstrating his claimed belief that his probation was no longer supervised following his release from prison [BIC 5], the district court judge, as fact-finder, was free to reject Defendant's version of events and conclude that the violation was willful. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

{4}     We will not reweigh the evidence on appeal, and must instead "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258. As such, we see no abuse of discretion in the district court's revocation of Defendant's probation. *See State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10.

{5}     For the foregoing reasons, we affirm.

{6}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**