This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41941**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL AHKEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's revocation of Defendant's probation. [BIC 1[1]] "We review the district court's revocation of a defendant's probation for an abuse of discretion." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493; *see also State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321 (defining an abuse of discretion as an instance in which "the trial court acted unfairly or arbitrarily, or committed manifest error"). It is the state's burden to establish a probation violation with a reasonable certainty by introducing "evidence that a reasonable and impartial mind would be inclined to conclude that the defendant has violated the terms of probation." *Leon*, 2013-NMCA-011, ¶ 36. Once the state offers proof of a breach of a material condition of probation, the defendant has the burden of coming forward with evidence to excuse noncompliance. *See Martinez*, 1989-NMCA-036, ¶ 8 (stating that "if [the] defendant fails to carry [their] burden, then the trial court is within its discretion in revoking"). "[I]f [a] violation of probation is not willful, but resulted from factors beyond a probationer's control, probation may not be revoked." *In re Bruno R.*, 2003-NMCA-057, ¶ 13, 133 N.M. 566, 66 P.3d 339.

**{3}** On appeal, Defendant raises a single issue—that the district court abused its discretion in revoking his probation because the evidence was insufficient to establish that his failure to report to probation was willful. [BIC 7] The procedural and factual circumstances relevant to this issue are as follows.

**{4}** The State moved to revoke Defendant's probation based on allegations that Defendant failed to report to probation. [RP 104] At the probation revocation hearing, the State presented testimony from Defendant's probation officer (PO Hynes). [BIC 3] PO Hynes testified that Defendant had only reported once at his initial intake in 2017. Defendant did not report as required by the terms of his probation agreement after his initial intake. [BIC 3; 2/27/2024 CD 11:34:44-58, 11:38:55] This testimony was sufficient to establish Defendant breached a material condition of probation and raise an inference that Defendant violated his probation willfully. *See State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("Once the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully."), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249; *see also Leon*, 2013-NMCA-011, ¶¶ 36, 39 (stating that once the state establishes to a reasonable certainty that the defendant violated probation, it is then the defendant's burden "to come forward with evidence to excuse non-compliance" (internal quotation marks and citation omitted)). Insofar as Defendant's argument suggests the State failed to prove Defendant knew that he was required to report to his probation officer, we are unpersuaded. [BIC 8] It was reasonable for the district court to infer, based on Defendant having reported to his initial intake in 2017, that Defendant was aware of his obligation to report. *See, e.g.*, *State v. Ortiz*, 2017-NMCA-006, ¶ 23, 387 P.3d 323 (recognizing that "[d]irect evidence of knowledge and intent are rarely available," and "[a]s such, intent and knowledge may be proved by circumstantial evidence").

---

1This case has been consolidated with A-1-CA-41943. Unless otherwise indicated, all references to the brief in chief or record proper are to those filed in A-1-CA-41941.

**{5}** Defendant does not deny that he failed to report. [BIC 8] Instead, Defendant argues that because the probation officer testified that Defendant was in custody in Colorado, his failure to report could not have been willful. [BIC 8-9] Though Defendant did not proffer any testimony or evidence at the hearing [2/27/2024 CD 11:41:53], he asserts on appeal that the probation officer's testimony "established both [Defendant's] willful violation *and* his excuse for non-compliance" [BIC 9]. On this point, PO Hynes testified that Defendant served time in Colorado while he was on probation. [2/27/2024 CD 11:39:30] PO Hynes also testified that she was unsure of the dates of Defendant's incarceration [2/27/2024 CD 11:39:40], and she did not know whether Defendant was out of custody when he failed to report [2/27/2024 CD 11:40:30]. In addition, PO Hynes testified that she believed Defendant was at some point placed on supervised probation in relation to his Colorado case because Colorado sought to transfer Defendant's probation to New Mexico. [2/27/2024 CD 11:35:41] That request was denied because Defendant never checked in with New Mexico Adult Probation and Parole. [BIC 3]

**{6}** Given PO Hynes's uncertainty regarding the dates Defendant was in custody and belief that Defendant was on supervised probation in his Colorado case, her testimony alone is insufficient to rebut the reasonable inference that Defendant's noncompliance was willful. *See Leon*, 2013-NMCA-011, ¶¶ 38-39 (concluding that the evidence was sufficient for a reasonable mind to conclude that the defendant violated a condition of his probation where the probation officer testified that the defendant committed the violation and the defendant did not come forward with any evidence to rebut the presumption arising from that testimony); *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99 (stating that where a defendant fails to present evidence to the contrary, "evidence establishing [the defendant's] non-compliance is sufficient to justify a finding that [the defendant's] failure was willful or without lawful excuse"). Furthermore, Defendant has not identified any facts other than an indeterminate period of imprisonment to indicate that his failure to comply "resulted from factors beyond his control and through no fault of his own." *Martinez*, 1989-NMCA-036, ¶ 8 ("If the trial court finds that [the probationer's] failure to comply was not willful, but resulted from factors beyond his control and through no fault of his own, then probation should not be revoked."). Lastly, we note that the district court—acting as fact-finder—was free to reject Defendant's version of events. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events). We will not reweigh the evidence on appeal, and must instead "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the trial court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258.

**{7}** For these reasons, we see no abuse of discretion in the district court's revocation of Defendant's probation. *See Martinez*, 1989-NMCA-036, ¶ 8 ("[I]f [the] defendant fails to carry [their] burden, then the trial court is within its discretion in revoking [the defendant's probation]."). Accordingly, we affirm the district court.

**{8}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**KATHERINE A. WRAY, Judge**