This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41961**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**JOSE URBAN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Abigail Aragon, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Bianca Ybarra, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Defendant Jose Urban appeals the revocation of his probation. [RP 167] We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant appeals from the district court's revocation of his probation on two grounds: (1) failing to report an arrest, and (2) failure to enter into counseling. [Id.]

Defendant's main contention is that the evidence presented at the probation revocation hearing was insufficient to establish that his violations were willful. [MIO 6-9]

{3}     As Defendant's memorandum does not address or otherwise challenge this Court's proposed findings in the notice of proposed disposition, it is not strictly necessary to again address Defendant's contention that his violations were not willful. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (holding that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Nevertheless, as we noted in our proposed disposition, Defendant's probation officer testified that Defendant did not notify her or her office of a new criminal offense within 48 hours as required by Defendant's signed probation agreement, and that incarcerated individuals can make free phone calls to the probation office without a jail phone account, which Defendant contends he did not have. [CN 2; DS PDF 3] Further, the probation officer also testified that she ordered Defendant to undergo substance abuse counseling following a positive alcohol test and an admission to consuming methamphetamine, but that Defendant never provided proof that he had attended counseling. [CN 2-3] This evidence was sufficient for the State to meet its burden of proof. *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493 ("In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty. To meet this burden, the [s]tate must introduce evidence that a reasonable and impartial mind would be inclined to conclude that the defendant has violated the terms of probation." (citation omitted)); *see also State v. Aslin*, 2018-NMCA-043, ¶ 9 421 P.3d 843 (noting that willfulness is generally presumed upon proof of a probation violation), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249.

{4}     Although Defendant contends that he presented contrary evidence establishing that his violations were not willful [MIO 5-9], the district court, as fact-finder, was free to reject Defendant's version of events and conclude that the violation was willful. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events). We will not reweigh the evidence on appeal, and must instead "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258.

{5}     Defendant also contends that "[f]rom the log notes, it seems the district court considered facts not in evidence—that there was a toll free number provided to [Defendant,] which would allow him to contact his probation officer without needing a pin." [MIO 8] However, as noted above, the probation officer provided similar testimony that Defendant had the ability to contact her office while incarcerated. As such, we see no abuse of discretion in the district court's revocation of Defendant's probation. *See State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (holding that this Court reviews a district court's decision to revoke probation under an abuse of discretion standard and

that, to establish an abuse of discretion, it must appear that the district court acted unfairly or arbitrarily, or committed manifest error).

{6}    Accordingly, and for the reasons stated in our notice of proposed disposition and herein, we affirm.

{7}    **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KATHERINE A. WRAY, Judge**