## JAMES v. UNITED STATES.
### No. 10842.

Circuit Court of Appeals, Fifth Circuit.

Jan. 25, 1944.

Chas. L. Mayer, of Shreveport, La., for appellant.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for the United States.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

PER CURIAM.

The facts in this case are clearly and succinctly stated in the following portion of the opinion of the court below:

"George James plead guilty to a two count indictment and was 'sentenced to serve four years in the United States penitentiary at Atlanta, Georgia, on the first count of this indictment, and on the second count of the indictment, imposition of sentence was suspended for a period of five years after the expiration of the sentence on count one, and the defendant was ordered placed on active probation, conditioned upon his not again violating any law, State or Federal, during the period of said suspension and probation'. Defendant was conditionally released by the Parole Board, and while so at large and before the period of conditional release had expired, committed the offenses for which he was ruled into this Court to have the suspension set aside and sentence imposed upon the second count.

"Counsel, appointed by the Court to represent James in the present proceeding, filed a demurrer or motion to quash the rule to show cause why the suspension should not be set aside, contending that until the four years of the original sentence had expired, and as it is asserted, probation began, this Court had no power or control over the prisoner authorizing it to entertain the present proceeding."

On the other hand the Government contends that the probation became effective at the time of the sentence on the first count. The record of sentence is as follows: "* * * the Court thereupon sentenced him to serve 4 years in the United States Penitentiary at Atlanta, Georgia, on the first count of this indictment, and on the second count of the indictment, imposition of sentence was suspended for a period of five years after the expiration of the sentence on Count One, and the defendant was ordered placed on active probation, conditioned upon his not again violating any law, state or federal, during the period of said suspension and probation."

The issue thus presented is whether the period of probation began at the time of the imposition of the sentence on the first count. The lower court, answering in the affirmative, imposed a five-year sentence on the appellant on the second count of the indictment, thereby impliedly revoking the suspension of imposition of sentence and probation, from which order this appeal is prosecuted.

A future date not being clearly fixed for the commencement of probation, a majority of this court concur in the construction that the original judgment placed the appellant on probation at the time it was rendered, and that defendant was under probation at the time of the commission of the acts for which revocation of probation is sought and obtained, from which it would necessarily follow that the lower court was acting within its power and discretion in entering the judgment in question.

Affirmed.

WALLER, Circuit Judge (specially concurring).

I concur in the result in this case. I do not believe that the probationary period was intended to begin until the expiration of the sentence of imprisonment imposed under the first count. Therefore, the acts assigned for revocation of probation were committed between sentence on the first count and the beginning of the period of probation, and not while appellant was on probation. It seems to me that the initial sentence was ambiguous as to the time when the probation period would begin, and should be given such reasonable interpretation, or construction, as the facts and circumstances warrant. Viewed in this light: (1) It would seem a little out of the ordinary to place a defendant on probation during the time that he was to be incarcerated in a federal prison. (2) It would seem unnecessary to suspend the imposition of sentence for a period of five years after the expiration of sentence on the first count if the Court had not intended to have the five-year period of probation expire five years after the expiration of the sentence on the first count. (3) The sentence puts the defendant on "active proba-

394

tion", which suggests that he is to be under the immediate direction and supervision of the Probation Officer of the Western District of Louisiana. It would seem that the Probation Officer of the District could not feasibly have had active supervision of one in the penitentiary at Atlanta. While the Probation Officer might have some sort of dual and constructive supervision of the defendant in the federal penitentiary the use of the words "active probation" in the court's judgment seems to suggest something more than a constructive or synthetic supervision. (4) The construction as to the effective date of probation by the lower court and the majority here made possible a situation where the defendant was on parole and on probation at the same time and subject to the duty of dual reporting and contemporaneous supervision for that period while appellant was on parole from the sentence on the first count.

It is interesting to note also that in the request of the Probation Officer for revocation of the sentence he alleged that the probation was to have begun "upon the expiration of the sentence imposed on the first count of the indictment—4 years in the U. S. Penitentiary, Atlanta, Georgia". From this it would appear that the appellant was, in fact, not on very active probation at the time the offense was committed.

It was competent and logical for the court to have placed the appellant on probation at the expiration of the sentence on the first count, and the fact that the court suspended the imposition of sentence on the second count for a period of five years after the expiration of the sentence on the first count seems to indicate clearly that the court below did not intend to, and did not, place the appellant on probation for the five-year period beginning at the time of imposition of sentence on the first count.

But even if the sentence fixed the probationary period as beginning on the date of that sentence, this would not change the result because the court had the power to revoke its order of probation for an offense committed by the defendant between the date of sentence and the date on which probation would begin. If, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of same would not be in subservience of the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v. United States,* 287 U.S. 216, 53 S.Ct. 154, 156, 77 L.Ed. 266.

The statute is unusually broad and it must of necessity be flexible in order that it might be accommodated to the different situations surrounding various offenders.[1]

In the case of *Sanford, Warden v. King,* 5 Cir., 136 F.2d 106, we held that the court could not revoke probation for an offense occurring after the expiration of the five-year period of probation unless the revocation were for an offense occurring within the five-year period. We did not have before us in that case the commission of an offense between the date of the imposition and the beginning of the period of probation, but a situation where an offense was committed after the expiration of the five-year period to which probation is restricted. The *Sanford* case, supra, should not be construed as a holding that the court could not revoke probation for an offense committed between the date of sentencing and the date on which probation was to begin.

1 "There is no suggestion in the statute that the scope of the discretion conferred for the purpose of making the grant is narrowed in providing for its modification or revocation. The authority for the latter purpose immediately follows that given for the former, and is in terms equally broad. 'The court may revoke or modify any condition of probation, or may change the period of probation.' There are no limiting requirements as to the formulation of charges, notice of charges, or manner of hearing or determination. No criteria for modification or revocation are suggested which are in addition to, or different from, those which pertain to the original grant. The question in both cases is whether the court is satisfied that its actions will subserve the ends of justice and the best interests of both the public and the defendant. The only limitation, and this applies to both the grant and any modification of it, is that the total period of probation shall not exceed five years. Act of March 4, 1925, § 1 (18 U.S.C.A. § 724)." *Burns v. United States,* 287 U.S. 216, 53 S.Ct. 154, 156, 77 L.Ed. 266.