2007-NMSC-011

154 P.3d 668

**STATE of New Mexico, Plaintiff–Respondent,**

v.

**Phillip Oscar LOPEZ, Defendant–Petitioner.**

No. 29,846.

Supreme Court of New Mexico.

March 9, 2007.

John Bigelow, Chief Public Defender, Catherine Ava Begaye, Assistant Appellate Defender, Albuquerque, NM, for Petitioner.

Gary K. King, Attorney General, Jacqueline R. Medina, Assistant Attorney General, Santa Fe, NM, for Respondent.

## OPINION

CHÁVEZ, Chief Justice.

{1} Defendant was sentenced in two separate cases and ordered to serve the sentences in each case consecutively. While on probation during the first sentence, Defendant, by his own admission, violated conditions of probation. By the time the sentencing hearing was held on the probation revocation, Defendant had completed serving the first of the two sentences. Notwithstanding, the district court revoked Defendant's probation under both sentences. On appeal, Defendant contended that the district court committed two errors by: (1) revoking probation under the first sentence, which had expired; and (2) revoking his probation under the second sentence, based on violations occurring before the second sentence commenced. See *State v. Lopez*, 2006–NMCA–079, ¶ 1, 140 N.M. 1, 138 P.3d 534. The Court of Appeals unanimously agreed with Defendant's first argument. *See id.* ¶¶ 9, 13. However, a majority disagreed with Defendant's second argument, holding that the district court had authority to revoke Defendant's probation under the second sentence under its broad power to grant clemency and structure rehabilitation. *Id.* ¶ 7. The dissent disagreed because the violation occurred before service of the second sentence commenced. *See id.* ¶¶ 15–18. We affirm the majority opinion of the Court of Appeals because, until consecutive sentences have been fully served, a defendant remains under the jurisdiction of the district court.

## I. BACKGROUND

{2} Defendant was indicted on the same day in two separate cases. In CR 99–502, Defendant was indicted on four felonies, and in CR 99–500, Defendant was indicted on three felonies and one misdemeanor. Defendant pled guilty to all charges.

{3} Defendant was sentenced in both cases on the same date. During the hearing, the court announced the following sentence:

It is the order of the court that the defendant be committed to the custody of the Department of Corrections on each of

these fourth-degree felonies for a period of eighteen months followed by the mandatory parole. That comes out to ten and a half years. In addition, for the petty misdemeanor, there is an additional six months, which would bring it up to a total of eleven years, if I've calculated correctly, each to be followed by the mandatory parole. The court is going to suspend all but three years—three years to be served. The remainder, he will be put on probation for a period of five years concurrently with his parole.

The district court structured the sentence as follows. In CR 99–502, Defendant was sentenced to a total of six years incarceration followed by one year of parole. The court suspended three years, placing him on probation for those three years and running his probation concurrent with his parole sentence. In CR 99–500, Defendant was sentenced to five years incarceration, but the court suspended the entire sentence and placed Defendant on probation for five years. The order suspending Defendant's sentence in CR 99–502 specified that the sentence in CR 99–500 would be served consecutive to CR 99–502. The conditions of probation in each case were substantially the same. In both cases, the district court ordered Defendant to comply with standard conditions of probation,[1] although in CR 99–502, the court also required Defendant to pay restitution and successfully complete a drug treatment program.

{4} While on probation in CR 99–502, the State filed petitions to revoke Defendant's probation in both cases after discovering Defendant had committed multiple probation violations including testing positive for marijuana use, failing to consistently attend counseling, having alcohol in his possession, and committing the crime of battery against a household member. Defendant admitted violating probation in both cases.

{5} During sentencing for the probation violations, the court revoked Defendant's probation in CR 99–502 and re-imposed his original six-year sentence. In CR 99–500, the court revoked Defendant's probation and sentenced Defendant to his original five-year term of imprisonment followed by one year of parole. However, the court suspended two and one half years of that sentence and placed Defendant on supervised probation.

{6} On appeal, the Court of Appeals held that the revocation of Defendant's probation in CR 99–502 was improper because the district court had no jurisdiction to revoke Defendant's probation after the sentence expired. *Lopez*, 2006–NMCA–079, ¶ 9, 140 N.M. 1, 138 P.3d 534. However, the Court of Appeals, in a majority opinion, upheld the district court's revocation of Defendant's probation in CR 99–500. *Id.* ¶ 7. The court noted that under New Mexico case law a district court retains jurisdiction to revoke probation " 'at any time subsequent to the entry of judgment and prior to the expiration of the sentence,' " therefore, it made no difference that Defendant had not yet begun serving his second sentence. *Id.* ¶ 6, 138 P.3d 534 (quoting *State v. Padilla*, 106 N.M. 420, 422, 744 P.2d 548, 550 (Ct.App.1987)). We granted Defendant's petition for a writ of certiorari to answer whether a court has authority to revoke the second of two probationary sentences when the conduct which violated the conditions of probation occurred prior to the date the second sentence was to commence. We answer the question in the affirmative and affirm the Court of Appeals.

## II. DISCUSSION

### A. The District Court Had Authority to Revoke Defendant's Probation in CR 99–500.

 {7} "Probation assumes that the best interests of the public and the offender will be served" and also that "the offender can be rehabilitated without serving the suspended jail sentence." *State v. Baca*, 90 N.M. 280, 282, 562 P.2d 841, 843 (Ct.App.1977). "The

---

1. There are fourteen standard conditions of probation. In relevant part, the conditions prohibit a probationer from: (1) violating the laws of New Mexico and endangering the person or property of another, (2) possessing or consuming alcoholic beverages or drugs. Probationers also

must report any arrests within forty-eight hours of the incident. N.M. Corr. Dep't Prob. & Parole Div., *Standard Probation Supervision,* http://corrections.state.nm.us/parole/std—supv.html (last visited Feb. 23, 2007).

suspension or deferment of a sentence is not a matter of right but is an act of clemency within the trial court's discretion." *State v. Follis,* 81 N.M. 690, 692, 472 P.2d 655, 657 (Ct.App.1970). Thus, probation is a "matter of favor," *Burns v. United States,* 287 U.S. 216, 220, 53 S.Ct. 154, 77 L.Ed. 266 (1932), providing a defendant with the "opportunity to repent and reform." *Coffey v. Commonwealth,* 209 Va. 760, 167 S.E.2d 343, 346 (1969). But, a defendant on probation is still convicted of a crime and "has no contract with the court." *James v. United States,* 140 F.2d 392, 394 (5th Cir.1944) (Waller, J., specially concurring).

■ {8} The Legislature has granted district courts the power to revoke probation when a probation condition is violated because rehabilitation, which is the primary goal, is not being achieved. *See* NMSA 1978, § 31–21–15 (1989) (providing that "[a]t any time during probation" the court may issue an arrest warrant or notice to appear for a defendant to answer a charge of a probation violation, and if the violation is established, the court may revoke probation); *State v. Rivera,* 2004–NMSC–001, ¶ 24, 134 N.M. 768, 82 P.3d 939 (stating that rehabilitation is the primary goal of probation). District courts also have authority to revoke probation prior to the commencement of the probationary term for violations occurring while a defendant is incarcerated. *See Padilla,* 106 N.M. at 421, 744 P.2d at 549.

{9} In *Padilla,* the district court sentenced defendant to two years probation following his release from custody. While the defendant was serving jail time, he did not return from work release. As a result, the defendant's probation was revoked. The defendant argued that because he was not yet serving his probation term, the district court did not have the authority to revoke his probation. *Id.* The Court of Appeals disagreed, first holding that "[t]he sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown *at any time subsequent to the entry of judgment and prior to the expiration of the sentence.*" *Id.* at 422, 744 P.2d at 550 (emphasis added). The court stated that a defendant who violates his probation while serving his jail sentence should be treated no differently than a defendant who completes serving his sentence and then commits a violation while on probation. *Id.* Thus, the court held that a sentencing court's power to revoke probation "is not impaired by the fact that the person convicted is still serving prison or jail time and has not yet begun his probationary period." *Id.*

{10} In cases following *Padilla,* the district court's broad authority to revoke probation in other contexts has also been upheld. In *Rivera,* we upheld the district court's authority to revoke probation while a defendant's appeal was pending. *Rivera,* 2004–NMSC–001, ¶ 1, 134 N.M. 768, 82 P.3d 939. In *State v. Martinez,* the Court of Appeals upheld the district court's authority to revoke probation while a defendant was serving parole, but before he began serving his probationary term. 108 N.M. 604, 607, 775 P.2d 1321, 1324 (Ct.App.1989).

{11} Defendant argues that these cases are distinguishable because the defendants in each were serving some portion of the underlying sentence when they violated conditions of their probation. Defendant asserts that the general rule, as stated in *Padilla,* that a "sentencing court retains jurisdiction to revoke a suspended sentence for good cause shown at any time subsequent to the entry of judgment and prior to the expiration of the sentence" only applies to the sentence actually being served at the time of the probation violation. 106 N.M. at 422, 744 P.2d at 550. We believe NMSA 1978, § 33–2–39 (1889) answers Defendant's argument. This section provides: "[w]henever any convict shall have been committed under several convictions with separate sentences, they *shall be construed as one continuous sentence for the full length of all the sentences combined.*" (Emphasis added). In this case, the court ordered "Defendant [to] be committed to the custody of the Department of Corrections" under both cases. The district court did so at the same time after considering both cases. Therefore, we construe the consecutive sentences as one continuous sentence. Accordingly, consistent with *Padilla,* the district court retained jurisdiction to revoke Defendant's suspended sentence subsequent to

the entry of its judgment and prior to the expiration of the entire continuous sentence.

■ {12} We believe our application of Section 33–2–39 is consistent with the policy supporting probationary sentences. In *Rivera*, we noted that "[t]he probation statutes themselves are structured in such a manner to give the sentencing court the broad power to ensure that the goal of rehabilitation is indeed being achieved." *Rivera*, 2004–NMSC–001, ¶ 21, 134 N.M. 768, 82 P.3d 939. The sentencing court has wide discretion to "strictly monitor [defendants'] compliance [with probation conditions] with an eye toward the goal of prompt and effective rehabilitation." *Id.* This authority is justified because the court's decision in suspending a defendant's sentence is based on a showing of clemency. *See State v. Serrano*, 76 N.M. 655, 657, 417 P.2d 795, 796 (1966) (providing that "suspension or deferment of sentence is not a matter of right but is an act of clemency"). By failing to comply with probation conditions, a defendant demonstrates that clemency is not appropriate because he or she is not willing or able to be rehabilitated. It follows that the court must have broad power to adjust a defendant's sentence by revoking probation when necessary.

{13} Our holding is also consistent with results reached in other jurisdictions. In *Commonwealth v. Wendowski*, the defendant's probation sentences in separate cases were revoked by two different judges after the defendant committed additional crimes. 278 Pa.Super. 453, 420 A.2d 628, 629 (Ct. 1980). One of the revocations was for a sentence not yet being served. The defendant argued that the lower court's revocation of probation prior to commencement of the probation term was unconstitutional. *Id.* The appellate court disagreed, holding that "a term of probation 'may and should be construed for revocation purposes as including the term beginning at the time probation is granted.'" *Id.* at 630 (quoting *Wright v. United States*, 315 A.2d 839, 841 (D.C.1974)). The court also addressed the policy behind its decision.

"If at any time before the defendant has completed the *maximum period of probation*, or *before he has begun service of his probation*, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke ... probation.... [T]he expressed intent of the Court to have him under probation beginning at a future time does not change his position from the possession of a privilege to the enjoyment of a right."

*Id.* (quoting *James*, 140 F.2d at 394 (Waller, J., specially concurring)) (internal quotation marks omitted) (first emphasis added). The court also noted that its decision was intended to prevent a defendant from committing " 'criminal acts with impunity ... until he commenced actual service of the probationary period.' " *Id.* (quoting *Wright*, 315 A.2d at 842).

{14} The Oklahoma Criminal Court of Appeals also construed consecutive probation sentences as one cumulative sentence, holding that "[u]ntil [a] suspended sentence has been *fully served*, a defendant remains under the jurisdiction of the trial court with the sentence subject to revocation." *Demry v. State*, 986 P.2d 1145, 1147 (Okla.Crim.App. 1999) (emphasis added). In *Demry*, the trial court ordered the defendant to serve consecutive probation terms in four different cases. *Id.* at 1146. But, after finding sufficient evidence that the defendant committed new offenses, the trial court revoked the suspended sentences in each case. *Id.* at 1146–47. The Oklahoma Court of Criminal Appeals rejected the defendant's argument that the trial court did not have the authority to revoke probation when the defendant did not commit a "violation during the period of those sentences." *Id.* at 1147. The court held that the sentences were subject to revocation as long as the prosecutor filed an application to revoke before the expiration of the sentence. *Id.*

■ {15} Therefore, we hold that after the court has entered an order of probation and before the full suspended sentence has expired, the court has the authority to revoke probation regardless of whether the probationary term has commenced, or whether a defendant is serving a portion of the underlying sentence. We do not believe it is sound

policy to impair a district court's ability to revoke probation when a defendant violates conditions before beginning to serve the period of probation. Such an approach would frustrate the goal of rehabilitation because defendants could, prior to the commencement of a probation term, violate conditions of probation without any consequences. *See Martin v. State,* 243 So.2d 189, 191 (Fla.Dist. Ct.App.1971) (stating that to prevent a court from revoking probation before the commencement of the probationary term "would make a mockery of the very philosophy underlying the concept of probation"); *Wendowski,* 420 A.2d at 630. Thus, we reject Defendant's argument that the district court lacks jurisdiction to revoke probation unless a defendant is serving a portion of the sentence for which probation is being revoked. A court grants probation as a matter of grace in the hopes that a defendant may be rehabilitated without being incarcerated, and, in its discretion, the court may revoke probation when the goal of rehabilitation is not being achieved, even if a defendant has not yet commenced serving the probationary term being revoked.

{16} In this case, the district court gave Defendant a chance to prove he was capable of rehabilitation by suspending eight years of Defendant's eleven-year sentence. Despite being given this opportunity, Defendant later admitted he committed multiple probation violations. The district court could find these violations incompatible with the goal of rehabilitation thereby justifying revocation of probation. Even though these probation violations occurred while Defendant was serving his first probation sentence, the district court maintained the authority to revoke Defendant's second probationary term at any time after the entry of the order of probation and before Defendant completed serving that sentence.

### B. Defendant Had Notice That He Must Demonstrate Good Behavior to Be Eligible for Probation.

{17} Defendant contends that the sentencing orders did not put him on notice that his behavior while serving probation in CR 99–502 could impact his probation in CR 99–500. We disagree. Although the district court could have clearly specified in its judg-

ment and sentence that Defendant's probation in CR 99–500 was contingent upon successful completion of CR 99–502, we do not believe that it was necessary for the district court to do so. Each suspended sentence carries with it an implied condition of good behavior beginning when the judgment and sentence is entered. *See Coffey,* 167 S.E.2d at 346 ("When the court saw that the defendant ... had displayed an unwillingness to be rehabilitated, it had the power to invoke the condition of good behavior which had attached to the suspension from the beginning."). Whether or not Defendant had explicit notice that his probation in CR 99–500 was contingent upon his completion of probation in CR 99–502, we believe Defendant was on notice that he was required not to commit further violations of the law. This condition was also explicitly stated in the standard conditions of probation prescribed in both CR 99–502 and CR 99–500.

{18} Furthermore, we do not see how a defendant sentenced to probation could reasonably believe that violating the law and other probation conditions would have no impact on subsequent probation sentences. It is unreasonable for a defendant to expect the court to continue to grant clemency with evidence of a defendant's failure or refusal to comply with previous conditions of probation. This would not serve the goal of rehabilitation and would diminish the court's ability to ensure compliance with probation conditions. Accordingly, we conclude Defendant had notice that his behavior while serving probation in CR 99–502 could impact his probation in CR 99–500.

### III. CONCLUSION

{19} Holding that the district court had authority to revoke Defendant's probation in CR 99–500, we affirm the Court of Appeals.

{20} **IT IS SO ORDERED.**

WE CONCUR: PAMELA B. MINZNER, PATRICIO M. SERNA, PETRA JIMENEZ MAES, and RICHARD C. BOSSON, Justices.