This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 NO.   33,521

**JEFFERY ALBERTSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE Judge.**

{1}     Defendant appeals from the revocation of his probation. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we uphold the revocation of Defendant's probation.

{2}     In his docketing statement Defendant challenged the sufficiency of the evidence. He renews that argument in his memorandum in opposition. [MIO 4-5] As we previously observed, the State met its burden of proof by presenting evidence that Defendant violated the conditions of his probation by consuming controlled substances. [DS 1; MIO 2-3; RP 131, 134] More specifically, at least one urinalysis test indicated the presence of cocaine in Defendant's system. [DS 1; MIO 3; RP 137] We conclude that this supplies adequate support for the district court's decision to revoke his probation, notwithstanding the ambiguous results associated with a subsequent test. [DS 1; MIO 3; RP 138] *Cf. State v. Martinez*, 1989-NMCA-036, ¶ 4, 108 N.M. 604, 775 P.2d 1321 (observing that proof of a violation of a condition of probation need not be established beyond a reasonable doubt, but rather, must merely incline a reasonable and impartial mind to the belief that the defendant has violated the terms of probation).

**{3}** Defendant also continues to argue that the district court abused its discretion in electing to revoke his probation and to impose the balance of his original sentence, with credit for time served. [DS 2; MIO 5-6] Insofar as the district court acted within its discretionary authority, we remain unpersuaded. *See* NMSA 1978, § 31-21-15(B) (1989) (authorizing the court to require the probationer to serve the balance of the sentence imposed, upon proof of a violation); *State v. Cawley*, 1990-NMSC-088, ¶ 26, 110 N.M. 705, 799 P.2d 574 (observing that there can be no abuse of discretion where the sentence falls within the range afforded by the sentencing statutes); *State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438 ("[T]here is no abuse of discretion if the sentence imposed is authorized by law."). We are also unpersuaded that Defendant's claim of cruel and unusual punishment is properly presented. [MIO 5-9] *See generally State v. Chavarria*, 2009-NMSC-020, ¶¶ 9-10, 146 N.M. 251, 208 P.3d 896 (holding that the entry of an unconditional plea of guilty operates as a waiver of the right to raise a cruel and unusual punishment claim on appeal). And finally, although Defendant asserts that he "should [have been] given another opportunity to successfully complete probation," [MIO 9] Defendant cannot claim entitlement to judicial clemency. *See State v. Padilla*, 1987-NMCA-116, ¶ 7, 106 N.M. 420, 744 P.2d 548 (observing, relative to probation, that "[t]he suspension or deferment of a sentence is not a matter of right, but a decision reserved to the sound discretion of the

3

sentencing court . . . [which] is considered an act of clemency"); *and see generally State v. Lopez*, 2007-NMSC-011, ¶ 12, 141 N.M. 293, 154 P.3d 668 ("By failing to comply with probation conditions, a defendant demonstrates that clemency is not appropriate because he or she is not willing or able to be rehabilitated. It follows that the court must have broad power to adjust a defendant's sentence by revoking probation when necessary.").

{4}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**M. MONICA ZAMORA, Judge**