This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38630**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LAMARCUS L. SCOTT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals the district court's order revoking his probation. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In our calendar notice, we proposed to conclude the evidence was sufficient to prove Defendant knowingly possessed items of contraband. [CN 3] In his memorandum in opposition, Defendant continues to maintain there was no evidence that he knew

what the opaque balloons contained and, therefore, the State did not prove a probation violation to a reasonable certainty. [MIO 4] However, Defendant acknowledges he made statements indicating he received the items, which were recovered in Defendant's stool sample, before returning to jail from furlough. [MIO 2, 4] In addition, Defendant does not assert any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous in regard to this issue. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}     Defendant also reasserts his argument that the law should not allow revocation of a term of probation that has not begun. [MIO 2-4] Acknowledging that we are bound by precedent, Defendant asks that we certify this case to the Supreme Court to revisit its ruling in *State v. Lopez*, 2007-NMSC-011, 141 N.M. 293, 154 P.3d 668. [MIO 2-4] "[W]e ordinarily do not certify an issue to our [S]upreme [C]ourt for reconsideration of an earlier case unless subsequent legislation, decisions of the New Mexico Supreme Court, or decisions of the United States Supreme Court place in question the underpinnings of the decision being challenged." *State v. Bencomo*, 1990-NMCA-028, ¶ 9, 109 N.M. 724, 790 P.2d 521. Defendant does not argue that any of these circumstances are present. Rather, Defendant claims that adhering to *Lopez* can lead to absurd results, and cites only to the *Lopez* dissent and an out of state case that was issued prior to *Lopez* as support. [MIO 3-4] We therefore decline to certify this case to our Supreme Court.

{4}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order revoking Defendant's probation.

{5}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**