This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39196**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**CLOYCEVANN SALAZAR,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Ahmad Assed & Associates
Ahmad Assed
Richard J. Moran
Britany J. Schaffer
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant has appealed the district court's ruling on remand, by which the revocation of his probation was essentially maintained. We previously issued a notice of proposed summary disposition in which we proposed to reject Defendant's various assertions of error. Defendant has filed a memorandum in opposition, together with an unopposed motion to amend, which is hereby granted. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     The relevant background information and principles of law were set forth in the notice of proposed summary disposition and remain largely undisputed. We will avoid undue reiteration here and focus instead on the content of the memorandum in opposition.

**{3}**     First, Defendant renews his argument that the district court exceeded the scope of the mandate. [MIO 8-12] However, the mandate merely reflected that the cause was being remanded for further proceedings consistent with this Court's decision. [RP 339] Although our decision was addressed to the issue that had been reserved for appellate review in association with the conditional plea, [RP 341] and we remanded for the purpose of allowing the district court to engage in a fact-specific multi-factor analysis, [RP 349-50] we ultimately requested that the district court "explain the legal and factual bases for its ruling on remand." [RP 351] The district court complied in all respects. [RP 362-63]

**{4}**     Invoking the law of the case doctrine, Defendant contends that this Court previously took the position that the only theory advanced by the State as grounds for the revocation of his probation concerned his violation of the laws of New Mexico. [MIO 9-12] As such, he contends that the district court erred in relying "sua sponte after remand" [MIO 17] upon "unanticipated and novel" alternative justifications for the revocation of his probation. [MIO 9-12, 16-17] However, as we described in the notice of proposed summary disposition [CN 2] and as Defendant ultimately acknowledges, [MIO 18-19] that characterization of the underlying proceedings is inaccurate. The record clearly reflects that the State filed two petitions to revoke Defendant's probation. The first petition was based upon Defendant's violation of the special conditions prohibiting him from possessing or consuming alcohol and prohibiting him from entering or remaining in any establishment whose primary purpose is the sale of alcohol. [RP 152, 162-67] Defendant entered an unconditional no contest plea, [RP 222-23, 230] and the district court announced its intent to revoke Defendant's probation as a consequence of those violations. [RP 230] Before sentencing occurred, the State filed the second petition, alleging that Defendant had violated state laws, inter alia. [RP 201-02] Ultimately, the order revoking Defendant's probation was based on both petitions. [RP 269-70] Under the circumstances, we decline Defendant's tacit invitation to disregard the violations associated with the first petition. *See generally State v. Breit*, 1996-NMSC-067, ¶ 12, 122 N.M. 655, 930 P.2d 792 (observing that the law of the case doctrine is flexible and discretionary; it does not require that we perpetuate error).

**{5}**     As we explained in the notice of proposed summary disposition, [CN 5-6] Defendant's violations of the special conditions, as set forth in the first petition, supplied adequate independent grounds for the revocation of Defendant's probation. *See State v. Leon*, 2013-NMCA-011, ¶¶ 37-39, 292 P.3d 493 (holding that the defendant's possession of alcohol in violation of the conditions of his probation supplied an adequate basis for the revocation of his probation). It is therefore unnecessary to further consider Defendant's arguments [MIO 12-16] relative to the additional probation violations that were the subject of the second petition to revoke. *See id.* ¶ 37 ("[A]lthough [the d]efendant challenges the sufficiency of the evidence supporting each

of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper."). *See generally State v. Sanchez*, 2015-NMCA-084, ¶ 8, 355 P.3d 795 ("Consistent with our policy of judicial restraint . . . we decide this case on the preserved and narrowest possible grounds.").

**{6}** Defendant further argues that the revocation of his probation based upon "technical violations" was improper. [MIO 16-21] However, as Defendant acknowledges, [MIO 18-19] the Twelfth Judicial District does not have a technical violation program, *see generally* Rule 5-805(C) NMRA (providing that the judicial district *may* establish technical violation programs); *Cerrillos Gravel Prods., Inc. v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 2004-NMCA-096, ¶ 10, 136 N.M. 247, 96 P.3d 1167 ("The word 'may' is permissive, and is not the equivalent of 'shall,' which is mandatory."); and our Supreme Court has explicitly rejected the notion that violations that do not involve criminal charges are automatically classifiable as technical violations. *See State v. Aslin*, 2020-NMSC-004, ¶¶ 11-14, 457 P.3d 249. The district court was therefore at liberty to select any appropriate sanction, including revoking Defendant's probation and requiring him to serve the balance of his original sentence. *See* NMSA 1978, § 31-21-15(B) (1989) (giving the courts several options when probation violations are established, including requiring probationers to serve the balance of sentences originally imposed); *Aslin*, 2020-NMSC-004, ¶ 12 (recognizing the broad discretion of the courts in dealing with probation violations).

**{7}** We understand Defendant to further contend that the "arbitrary sentencing disparity" that exists among the various judicial districts relative to the handling of probation violations is impermissible. [MIO 20-21] However, our Supreme Court has clearly recognized the authority of each judicial district to adopt its own approach. *Aslin*, 2020-NMSC-004, ¶¶ 11-13. We therefore reject the suggestion that uniformity of treatment is required in this context.

**{8}** Defendant also argues that "the imposition of a 19-year sentence" was disproportionate with the severity of the probation violations upon which the district court alternatively relied. [MIO 20-21] However, that sentence does not reflect a sanction for Defendant's probation violations; rather, it constitutes punishment for the underlying offenses, *State v. Sanchez*, 2001-NMCA-060, ¶ 27, 130 N.M. 602, 28 P.3d 1143, which were numerous and serious, as previously described. [CN 2] We therefore reject the argument.

**{9}** Finally, Defendant asserts that the district court's election to revoke his probation was "unfair and arbitrary." [MIO 20-21] However, as our cases have repeatedly explained, probation is an act of clemency, and accordingly, the district courts have broad authority to revoke upon proof of any violation. *State v. Lopez*, 2007-NMSC-011, ¶ 12, 141 N.M. 293, 154 P.3d 668; *State v. Neal*, 2007-NMCA-086, ¶ 25, 142 N.M. 487, 167 P.3d 935. "By failing to comply with probation conditions, a defendant demonstrates that clemency is not appropriate because he or she is not willing or able to be rehabilitated." *Lopez*, 2007-NMSC-011, ¶ 12. We therefore conclude that the district court acted within the scope of its discretion. *See, e.g.*, *Leon*, 2013-NMCA-011, ¶¶ 37-

39 (holding that the district court's election to revoke as a consequence of the defendant's possession of alcohol in violation of the terms of his probation was within its discretion).

**{10}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{11} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**