This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39412

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PATRICIA VILLANUEVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant appeals from a district court order revoking her probation. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}** **Issue 1:** Defendant continues to challenge the sufficiency of the evidence to support the revocation of her probation. [MIO 5] "In a probation revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the

part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

{3}     Here, the State alleged that Defendant violated twelve conditions of probation. [RP 154, 191, 239] At the probation violation hearing, Defendant's probation officer testified Defendant failed to check in with him, that she had broken her curfew and terms of her house arrest, as indicated by her GPS monitor, that she had tested positive for and had admitted using methamphetamines, she had failed to obtain a job, she had failed to update her address with Adult Probation, and that she had failed to pay her probation costs and fees. [DS 4; MIO 6] After the hearing, the district court found that the evidence supported all twelve violations. [RP 213]

{4}     In her memorandum in opposition, Defendant states that, while she did not testify, she did allocute, and told the district court that there were mitigating circumstances relating to her mental condition and homelessness, and she denied drug use. [MIO 7] Even if Defendant had testified to these facts, we would have deferred to the district court on these claims. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We need not consider Defendant's claim that COVID-19 restrictions hampered her ability to report, because the probation officer's testimony would still support revocation based on drug use. *See Leon*, 2013-NMCA-011, ¶ 37 (stating that sufficient evidence to support a single probation violation supports affirmance of a district court's revocation of probation).

{5}     **Issue 2:** Defendant acknowledges that her sentence was authorized by statute, but she claims that it violated due process and constituted cruel and unusual punishment. [MIO 8] Defendant has not indicated that she preserved this issue below. *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 208 P.3d 896 (holding that because the defendant failed to claim to the district court that his sentence violated the prohibition against cruel and unusual punishment and his sentence was authorized by statute, the defendant's cruel and unusual punishment claim could not be raised for the first time on appeal).

{6}     We also note that, by initially suspending Defendant's sentence subject to supervised probation, the district court engaged in an act of clemency that was premised on an assumption that Defendant could be rehabilitated without serving the suspended sentence. *See State v. Lopez*, 2007-NMSC-011, ¶ 7, 141 N.M. 293, 154 P.3d 668 (recognizing that a suspended sentence and probation is a matter of favor that provides the defendant with an "opportunity to repent and reform" (internal quotation marks and citation omitted)). In light of the district court's imposition of a lawful sentence, and Defendant's failure to abide by the terms of her probation, we cannot agree that Defendant's sentence was one of those exceptional cases that are so

shocking or so unfair as to constitute cruel and unusual punishment. *Cf. In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 22, 121 N.M. 562, 915 P.2d 318 (stating the test for cruel and unusual punishment to be "[w]hether in view of contemporary standards of elemental decency, the punishment is of such disproportionate character to the offense as to shock the general conscience and violate principles of fundamental fairness" (internal quotation marks and citation omitted)).

**{7}**     For the reasons set forth above, we affirm.

**{8}     IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**