This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40275**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ANDREW TENORIO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr, LLC
Liane E. Kerr
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2019-002, effective October 1, 2019. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from an order revoking his probation. On appeal, he raises several issues, which we construe as (1) a challenge to the sufficiency of the evidence to support revocation, (2) a due process challenge based on the alleged failure to protect his right to confront witnesses, and (3) the alleged failure of the district court to consider rehabilitation for purposes of re-sentencing him. We affirm.

## SUFFICIENCY OF THE EVIDENCE

**{3}** Defendant challenges the sufficiency of the evidence to support the revocation of his probation. [BIC 7] "In a probation revocation proceeding, the State bears the burden of establishing a probation violation with a reasonable certainty." *See State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "To establish a violation of a probation agreement, the obligation is on the State to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control).

**{4}** Here, the State's amended petition alleged that Defendant violated condition 1 of his probation order by failing to follow the law because he committed criminal damage to property by throwing a rock through his girlfriend's car window. [RP 160] The district court found that Defendant violated his probation by committing this act. [BIC 4] Although the district court also found that he violated probation based on another ground as well [BIC 4], we may affirm if the evidence was sufficient to support either of these violations. *See Leon*, 2013-NMCA-011, ¶ 37 (stating that sufficient evidence to support a single probation violation supports affirmance of a district court's revocation of probation). We, therefore, consider evidence of criminal damage to property.

**{5}** The State presented the testimony of Sheriff Deputy Gabriel Stow. [CD 7/20/21 3:03:45-:04:21] He testified that he was dispatched to a residence in response to a domestic violence dispute. [CD 7/20/21 3:06:38-:06:50] The officer noticed a smashed car window, and Defendant admitted that he threw a rock through his girlfriend's car window. [CD 7/20/21 3:07:00-14]

**{6}** Defendant notes that he has yet to be convicted of this crime. [BIC 10] However, a probation violation does not require proof beyond a reasonable doubt. *See Martinez*, 1989-NMCA-036, ¶ 4 (observing that "proof of a violation of a condition of probation need not be established beyond a reasonable doubt," but rather, must merely incline a "reasonable and impartial mind to the belief that a defendant has violated the terms of probation"). In light of Deputy Stow's testimony, we conclude that Defendant's revocation was supported by sufficient evidence.

### *State v. Guthrie,* 2011-NMSC-014, 150 N.M. 84, 257 P.3d 904

**{7}** Citing *Guthrie*, Defendant claims that his right to due process was violated. [BIC 5] Guthrie held that absent a finding of good cause, probationers have a "right to

confront and cross-examine adverse witnesses." *Id.* ¶ 12 (emphasis, internal quotation marks, and citation omitted). In determining whether good cause exists to dispense with confrontation, the *Guthrie* court directed that the trial court "should focus its analysis on the relative need for confrontation to protect the truth-finding process and the substantial reliability of the evidence." *Id.* ¶ 43

**{8}** Defendant's claim appears to be based on the fact that he had not been convicted of criminal damage to property, thus heightening the need to have a live witness. [BIC 9] However, as we have stated, Defendant's probation revocation was supported by the live testimony of Deputy Stow, who stated that Defendant made an admission and Deputy Stow personally observed the damage to the vehicle involved. Therefore, the *Guthrie* due process concern does not apply because Deputy Stow's testimony was the basis for the criminal damage to property claim, and Deputy Stow was subject to confrontation. *Cf. id.* ¶ 1 (involving the adequacy of testimony by a witness with no personal knowledge of the charged conduct). To the extent that Defendant is also claiming that he lacked notice of the possible grounds for revocation [BIC 6], the amended motion to revoke probation expressly referred to the violation involved and the predicate facts, i.e., causing criminal damage. [RP 160]

**SENTENCING**

**{9}** Defendant claims that the district court did not properly consider the rehabilitative nature of probation in imposing a sentence of incarceration, as opposed to continued probation. [BIC 5] However, probation is an act of clemency, and district courts have broad authority to revoke upon proof of any violation. *See State v. Lopez*, 2007-NMSC-011, ¶ 12, 141 N.M. 293, 154 P.3d 668; *State v. Neal*, 2007-NMCA-086, ¶ 25, 142 N.M. 487, 167 P.3d 935. "By failing to comply with probation conditions, a defendant demonstrates that clemency is not appropriate because he or she is not willing or able to be rehabilitated." *Lopez*, 2007-NMSC-011, ¶ 12. We, therefore, conclude that the district court acted within the scope of its discretion.

**{10}** For the reasons set forth above, we affirm.

**{11}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**