This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40786**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JUSTIN EASLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the revocation of his probation, challenging the sufficiency of the evidence to support the disposition. [BIC 8-11]

**{3}** Proof of a probation violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation. *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. On appeal we must examine the evidence in the light most favorable to the district court's ruling, *State v. Trevor M.*, 2015-NMCA-009, ¶ 14, 341 P.3d 25, and we cannot reweigh the evidence or substitute our judgment for that of the fact-finder. *State v. Juan*, 2010-NMSC-041, ¶ 33, 148 N.M. 747, 242 P.3d 314. Ultimately, we review the district court's revocation of probation under an abuse of discretion standard. *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321. "To establish an abuse of discretion, it must appear the trial court acted unfairly or arbitrarily, or committed manifest error." *Id.*

**{4}** In the course of the proceedings the State established that Defendant was released from prison in April 2020, at which time he signed an order which specified that his five-year term of probation ran from April 13, 2020 to April 13, 2025. [BIC 1-2; RP 95-97, 138-39] Defendant's supervision was immediately transferred to Texas, where he commenced serving both probation and what remained of a two-year term of parole that arose from a separate matter. [BIC 1; RP 139]

**{5}** When Defendant was discharged from parole in September 2021, he stopped reporting to his supervising officer and absconded. [BIC 1; RP 100-102; RP 139] The following month Defendant picked up new criminal charges in Oklahoma. [BIC 1, 2-3] In light of this development, as well as Defendant's failure to report as required, the State moved to revoke his probation. [BIC 1; RP 98-103] Several months later Defendant pled no contest to the charges in Oklahoma. [BIC 1] He then returned to New Mexico, [BIC 1] where he picked up a shoplifting charge to which he pled guilty in May 2022. [BIC 1, 3] The State promptly amended the pending motion to reflect the additional criminal conviction. [BIC 1, 3; RP 124-30]

**{6}** At the hearing on the motion to revoke the State called Defendant's supervisory adult and probation officer. [BIC 3; RP 138] She described the terms, conditions, and duration Defendant's probation, and explained that Defendant had committed numerous violations by failing to report as required and by committing the criminal offenses to which he had pled, *inter alia*. [BIC 3-4; RP 138-39]

**{7}** The State's presentation amply supports the district court's determination that Defendant violated the terms and conditions of his probation, as well as its election to revoke. *See, e.g.*, *State v. Lopez*, 2007-NMSC-011, ¶¶ 8, 17-19, 141 N.M. 293, 154 P.3d 668 (observing that the district courts have broad discretionary authority to revoke where failure to comply with conditions of probation reflects that the goal of rehabilitation is not being achieved; and upholding the authority of the district court to revoke a defendant's probation where he committed a new offense); *State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that a

probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461; *State v. Chavez*, 1985-NMCA-003, ¶ 16, 102 N.M. 279, 694 P.2d 927 (observing that a criminal conviction "affords a more than sufficient basis for revocation of probation" (internal quotation marks and citation omitted)). *See generally State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (holding that probation revocations are to be upheld "if there is sufficient evidence to support just one [probation] violation").

{8}     Notwithstanding the foregoing considerations, Defendant asserts that he was unaware of the fact that he was still serving his probationary term. [BIC 4-5] He testified that he believed his terms of probation and parole ended simultaneously, based on an alleged statement to that effect by his probation officer in Texas. [BIC 4-5] In light of this misinformation, Defendant contends that his probation violations should not have been deemed willful. [BIC 6, 9-11]

{9}     As an initial matter, we question the viability of Defendant's argument. Willfulness is generally presumed upon proof of a probation violation. *See State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse."), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249. Although a probationer may seek to establish that his failure to comply was not willful, this typically entails a demonstration that the violation(s) "resulted from factors beyond his control and through no fault of his own." *Martinez*, 1989-NMCA-036, ¶ 8. In this case there has been no suggestion that Defendant's commission of new criminal offenses "resulted from factors beyond his control" or "through no fault of his own." *Id.*

{10}     In any event, the district court was at liberty to reject the premise. *See generally State v. Ortiz*, 2017-NMCA-006, ¶ 18, 387 P.3d 323 ("It is within the district court's purview, when acting as fact-finder, to weigh the credibility of witnesses and, in doing so, discard [the d]efendant's version of events."). As previously mentioned, the State presented official documentation reflecting that Defendant had been clearly informed that the term of his probation would not end until April 2025. This supplied compelling circumstantial evidence of Defendant's knowledge. *See State v. Herrera*, 1991-NMCA-005, ¶ 10, 111 N.M. 560, 807 P.2d 744 (indicating that one way in which a defendant's knowledge may be demonstrated is means of a signed document reflecting formal notice). Although Defendant claimed to have been misinformed and therefore mistaken about the duration of his probation, the district court was not required to credit his testimony. *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 ("The fact[-]finder may reject [a] defendant's version of the incident."); *State v. Sanchez*, 1990-NMCA-017, ¶ 10, 109 N.M. 718, 790 P.2d 515 (observing that it is the province of the district court, acting as the finder of fact, to weigh the evidence, including the credibility of witnesses), *abrogated on other grounds by State v. Wilson*, 2011-NMSC-001, 149 N.M. 273, 248 P.3d 315, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. Accordingly, we reject the assertion of error.

**{11}**   In light of the foregoing considerations, we uphold the revocation of Defendant's probation.

**{12}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**