This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40728

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**LAYNE CORY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the revocation of his probation. He challenges the sufficiency of the evidence to support the disposition [BIC 9-12] and contends that the district court erred in admitting certain evidence pertaining to his discharge from a treatment program. [BIC 4-9]

**{3}** Proof of a probation violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation. *State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143. On appeal we must examine the evidence in the light most favorable to the district court's ruling. *State v. Trevor M.*, 2015-NMCA-009, ¶ 14, 341 P.3d 25. We cannot reweigh the evidence or substitute our judgment for that of the fact-finder. *State v. Ware*, 1994-NMCA-132, ¶ 6, 118 N.M. 703, 884 P.2d 1182.

**{4}** At the hearing on the State's petition to revoke, Defendant's probation officer testified that Defendant violated the terms and conditions of his probation in numerous ways, including by failing to report as required, by removing his GPS tracker without permission, and by failing to complete a treatment program, inter alia. [BIC 2-3; RP 309-10] The State also called the police officer who took Defendant into custody, who testified that methamphetamine was found on Defendant's person when he was apprehended. [BIC 3; RP 311] Finally, Defendant admitted that he removed his GPS tracking device. [BIC 3; RP 313] This evidence amply supports the district court's determination that Defendant violated the terms and conditions of his probation. *See, e.g.*, *State v. Lopez*, 2007-NMSC-011, ¶¶ 4, 17-19, 141 N.M. 293, 154 P.3d 668 (upholding the authority of the district court to revoke where the probationer committed a new offense); *State v. Leyba*, 2009-NMCA-030, ¶¶ 16-18, 145 N.M. 712, 204 P.3d 37 (holding that the defendant's admission was sufficient to establish a probation violation); *State v. Jimenez*, 2003-NMCA-026, ¶¶ 5, 10-11, 17, 133 N.M. 349, 62 P.3d 1231 (observing that a probation officer's testimony that the defendant had failed to report was sufficient to support the revocation of his probation), *rev'd on other grounds*, 2004-NMSC-012, 135 N.M. 442, 90 P.3d 461; *State v. Sanchez*, 1990-NMCA-017, ¶¶ 3, 12-13, 109 N.M. 718, 790 P.2d 515 (upholding probation revocation based upon the defendant's violation of the standard condition prohibiting possession or use of controlled substances). *See generally State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (holding that a probation officer's testimony was sufficient to establish a violation and to support revocation of probation).

**{5}** On appeal Defendant takes the position that his probation violations were "simply the result of unfortunate circumstances." [BIC 11] By this, we understand Defendant to suggest that his violations were not willful. However, Defendant does not direct us to anything in the record that supports his position, apart from his marginally relevant testimony that he believed it would have been futile to request permission to travel out-of-state. [BIC 3; RP 313] *See generally State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 (explaining that "once the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse"), *rev'd on other grounds*, 2020-NMSC-

004, 457 P.3d 249. *Cf. State v. Martinez*, 1989-NMCA-036, ¶¶ 9-10, 108 N.M. 604, 775 P.2d 1321 (rejecting an argument that a violation should be excused, where the probationer made no effort to comply based on his assumption that compliance would have been impossible). Because Defendant did not present evidence at the hearing to rebut the reasonable inferences arising from the testimony of the probation officer and the arresting officer, we conclude that the district court did not abuse its discretion in determining that the State met its burden of establishing that Defendant willfully violated his probation. *See, e.g.*, *Leon*, 2013-NMCA-011, ¶¶ 38-39 (concluding that "the evidence was sufficient for a reasonable mind to conclude that [the d]efendant had violated [a] condition of his probation" when the probation officer testified that the defendant did so and the defendant did not come forward with any evidence to rebut this presumption).

{6}     Insofar as the evidence was sufficient to establish Defendant's failure to report, as well as his unauthorized removal of the GPS monitor and his possession of a controlled substance, we conclude that Defendant's challenge to the propriety of the admission of a report concerning his failure to complete a treatment program presents no basis for relief on appeal. *See generally id.* ¶ 37 ("[I]f there is sufficient evidence to support just one violation, we will find the district court's order was proper."). Accordingly, we decline to consider the argument further. *See generally State v. Sanchez*, 2015-NMCA-084, ¶ 8, 355 P.3d 795 (observing that our policy of judicial restraint generally requires that we decide cases on the narrowest possible grounds).

{7}     In light of the foregoing considerations, we uphold the revocation of Defendant's probation.

{8}     **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**